Mr. Chief Justice TANEY.
 

 This appeal must be dismissed. The application of May for process to obtain possession of the land was not a suit in which any final decree could be passed so as 1,0 give to either party a right to appeal. The proceedings in
 
 *543
 
 the Circuit Court after its decree was affirmed in the case of
 
 Statham, Smithson & Co.
 
 vs.
 
 Callan, et al.,
 
 were nothing more than proceedings required to carry into execution that decree. And when May had become the purchaser, and the sale was ratified by the Court, and he had complied with the conditions of the sale, he was entitled, as a matter of course, to the process of the Court to put him in possession, The order of the Court directing process to issue is not such a final order or decree in a case as the Act of 1789 contemplates. It is nothing more than an order of process to carry into execution a final decree already passed in a case in which May was not a party.
 

 If there was any agreement between May and Callan, after May became the purchaser, whereby the land was leased to Callan for a term which is not yet expired, the remedy of Callan was by a bill in Equity setting out the agreement, and praying that May might be enjoined from disturbing him in his posses sion. This would have been a new case in which a final decree might have been passed and an appeal legally taken. But such an agreement can furnish no ground for appeal from an order of the Circuit Court carrying'into execution the mandate of this Court in the case of
 
 Statham, Smithson & Co.
 
 vs.
 
 Callan et al.,
 
 in which May was not a party and had no concern.
 

 It seems to be supposed by counsel in the argument that the order of the Judge of this Court allowing the appeal was conclusive, and that its validity was not now open to dispute. But the allocatur of a Judge was never so considered. Writs of error to State Courts cannot issue without the allocatur of a Judge of this Court. Yet there is hardly a term in which a case of that description has not been dismissed upon the ground that the transcript did not show a case in which a writ of error would lie. A contrary doctrine would be exceedingly incon venient if it could be maintained, and would throw upon a single Judge the responsibility which properly belongs to the Court. And it does not by any means follow that the Judge who authorizes the appeal has made up his own mind that the party is legally entitled to it. He may, and no doubt often does, entertain doabts upon the subject, or may regard the point as new
 
 *544
 
 and undecided, and upon -which different opinions may be entertained, and in such cases he grants the appeal in order to bring the matter before the Court and enable it to decide for itself whether the case is or is not within their appellate jurisdiction as regulated by the Act of Congress. The allocatur of a single Judge certainly cannot enlarge the appellate powers of this Court beyond the limits prescribed by law, and that law does not authorize an appeal from an order directing execution to issue to enforce a judgment.
 

 This appeal must therefore be dismissed.