## A. R. CAPEHART

*vs.*

## J. V. LOGAN, Executor, &c.

When commissioners, appointed by the probate court to adjust the claims against the estate of a deceased person, examine and pass upon a claim against the estate, single in its character but comprising several items, and by their adjudication and report allow one portion thereof, and disallow another portion thereof, the appeal under *sec.* 20, *chap.* 53, *Gen. Stat.,* must not be restricted to a portion of the decision upon such claim.

The appellant presented to the proper probate court a petition for an appeal from the decision and report of the commissioners appointed to adjust claims against a certain estate, in which he stated that a claim in his favor against such estate was presented to said commissioners, that said commissioners allowed $405, and disallowed $213.19 thereof, and that they disallowed the first five items and the last item of his said claim;

Capehart v. Logan.

and praying for an order of "said court, allowing him to appeal from said report to the district court of said county, so far as the same disallows the sum and items aforesaid." The appeal was allowed. *Held,* that by the application presented, the appeal was restricted to the portion of the report disallowing the sums and items specified in the petition, and was not broad enough to embrace the whole decision and report of the commissioners upon the claim of the appellant, and was therefore fatally defective.

Upon an appeal to the district court under *sec.* 20, *chap.* 53, *Gen. Stat.,* that tribunal has the authority in the first instance to determine its jurisdiction, and if the application for the appeal is fatally defective, the appeal is void, and the district court has no jurisdiction of the action, and must dismiss the appeal.

Appeal from an order of the district court for Ramsey county, dismissing an appeal taken by the plaintiff from the report of commissioners appointed by the probate court to examine claims, &c., against the estate of the defendant's testator. The case is stated in the opinion.

A. R. Capehart, for Appellant.

Geo. L. Otis, for Respondent.

*By the Court.*—McMillan, Ch. J.—The appellant filed in the probate court of Ramsey county a petition representing that he had presented to the commissioners, appointed to adjust the claims against the estate of Sandford McBrayer, deceased, a claim in his favor amounting to $618.19, of which the said commissioners allowed $405, and disallowed $213.19 thereof, that the commissioners disallowed the first five items and the last item of his said claim, and concluding as follows : "Wherefore your petitioner prays that an order be granted by said court, allowing him to appeal from said report to the district court of said county, so far as the same disallows the sum and items aforesaid, and that the proper record be certi-

fied to said court, according to the statute in such case made and provided."

In the court below the respondent moved to dismiss the appeal, on the ground that the statute does not allow an appeal from the disallowed items only, but that the appeal must be from the award on the whole claim as presented to the commissioners. The court granted the motion and dismissed the appeal. From the order of dismissal the appeal is taken to this court.

The provisions of statute relating to appeals of this character, are found in chapter fifty-three of the General Statutes. Section twenty, which allows the appeal, is as follows :

" Any executor, administrator or creditor may appeal from the decision and report of the commissioners to the district court for the same county, if application for such appeal is made in writing filed in the probate · office within sixty days after the return of the report of the commissioners, in the following cases :

" *First,* when such commissioners disallow any claim in favor of any creditor or of the estate, in whole or in part, to the amount of twenty dollars.

" *Second,* when the commissioners allow any claim in whole or in part, to the amount of twenty dollars."

The commissioners have power to try and decide upon all claims which by law survive against or in favor of executors and administrators, except claims for the possession or title of real estate, and are clothed with the judicial powers necessary to the proper discharge of their duties, *Gen. Stat. chap.* 53, *secs.* 9, 10, 11, 12. Their decisions are treated throughout the statute as adjudications of the claims upon which they pass. But in order to be operative, such decisions must be embodied in the report which the commissioners are required to make of their doings to the probate court. *Id. secs.* 11, 20. This

explains the reason why the appeal allowed by section twenty, is from " the decision and report," and not from the decision alone.   It would seem also to be inferrible from this, that a reference to the contents of the report of the commissioners will determine what constitutes the " decision" intended in section twenty.

The section requiring the report is as follows:   " Sec. 11. At the expiration of the time limited, or as soon thereafter as the hearing of the claims presented is completed, the commissioners shall make a report of their doings to the probate court, embracing lists of the claims presented, or exhibited in offset, and stating how much was allowed and how much was disallowed, together with the final balance, whether in favor of the creditor or the estate."

We need not now consider what the report of the commissioners must or may contain, except to say that it must of course contain that which is specifically required by this section.   The lists of the claims presented, and those exhibited in offset, are required for the purpose of showing all the claims of creditors or executors, before the commissioners and acted upon by them.   The statement of how much was allowed, and how much was disallowed, together with the final balance, whether in favor of the creditor or the estate, required by the statute, evidently refers to each claim acted upon by the commissioners, and constitutes, we think, the decision thereon.

It is true the term, " final balance," is not strictly accurate when applied to a claim where no deduction by way of offset or otherwise is made; but we think it was not the intention to use the term in its strict signification, but that it was used to signify the amount finally determined upon as due to the creditor or the estate, so that the report would show the entire debts against the estate, and those due to it from persons pre-

senting claims to the commissioners, as settled and adjudicated by the commissioners.

The decision therefore embraces the entire action of the commissioners upon each claim before them, including the award upon the whole claim, whether strictly a balance or not. This is the decision from which the statute allows an appeal. *Fourth Ecclesiastical Society vs. Mather*, 15 *Com.* 587, 600; *Stat. Com.* (*Compilation* 1854,) *sec.* 87, *p.* 525.

Section 22 requires the party appealing to file " in the district court &ast; &ast; &ast; &ast; &ast; a certified copy of the record of allowance or disallowance appealed from," &c. It may be said that this language inferentially shows that the appeal allowed is from the allowance or disallowance, whether of the whole or but a portion of a claim. The objection is not without force, but the answer is, that this language is used to describe the return which must be made when an appeal is taken, and not the appeal itself; moreover, the decision necessarily embraces the allowance or disallowance on account of which the appeal is taken; it is not surprising, therefore, that the " allowance" or " disallowance," which constitutes the important feature in the decision, and is the ground of appeal, (*sec.* 20, *sub div.* 1, 2,) should be used in an incidental reference of this kind. It is not, therefore, to have much weight against the plain language of the section which allows the appeal. It may be added, that the analogy between this proceeding and appeals from justices' judgments, and other appeals in judicial proceedings, sustains this construction of the statute. In proceedings for an appeal from the decision and report of the commissioners, the application for the appeal, filed in the probate office, must be referred to, for the purpose of determining whether a valid appeal has been taken. If an express allowance of the appeal is required, it is by implication only, and, in any event, the order of allowance cannot either lessen or

Capehart v. Logan.

enlarge the scope or office of the appeal as made by the application.

We think this the reasonable construction of the statute, because, by section 20 of chapter 53, the application for the appeal is to be in writing and filed in the probate office, and by section 22, of the same chapter, the appellant is required to file in the district court, to which the appeal is taken, a certified copy of the application for the appeal, with the copy of the record, showing the allowance or disallowance appealed from. The whole stress of the statute is laid upon the application for the appeal, while the order upon the application is not mentioned, nor, as we have remarked, is it expressly required.

The claim presented to the commissioners in this case was a single claim comprising several items. The written application for the appeal from the report of the commissioners, is for an appeal " from said report to the district court, so far as the same disallows the sum and items" stated in the application.

This language obviously restricts the appeal to the portion of the report disallowing the sum and items specified in the application, and is not broad enough to embrace the whole decision and report of the commissioners upon the entire claim, as presented by the appellant to the commissioners. The appeal, therefore, does not conform to the statute, but is substantially and fatally defective.

The jurisdiction of the district court to dismiss the appeal, admits of no doubt. The plaintiff contends that the district court had no power to review the order of the probate court, allowing the appeal. If the statute requires an order allowing the appeal, it is an *ex parte* proceeding, and if the application for the appeal is fatally defective, the probate judge has no authority to make the order allowing the appeal.

Upon an appeal to the district court, that tribunal has the authority in the first instance to determine its jurisdiction, and if the application for the appeal is fatally defective, the appeal is void, and the district court has no jurisdiction of the action, and must dismiss the appeal. *Callan vs. May*, 2 *Black*, 541. See *Dickinson's Appeal*, 2 *Mich.* 337, 339.

The order dismissing the appeal is affirmed.