GEORGE F. DARBY and Another v. BOARD OF COUNTY COMMISSIONERS OF STEELE COUNTY.[1]

December 10, 1909.

Nos. 16,317—(100).

**Order Not Appealable.**

An order of the district court, quashing a resolution of a board of county commissioners which designated an official newspaper and one in which the delinquent tax list should be published, is not appealable. [Reporter]

**Same — Jurisdiction Not Given by Consent.**

The consent of the parties cannot confer jurisdiction on this court to consider an appeal. [Reporter]

[1]Reported in 123 N. W. 662.

Petition to the district court for Steele county for a writ of certiorari directed to the board of county commissioners for that county, to review the action of the board in awarding the county printing and publishing for the year 1909, and in designating the Owatonna Tribune for the publication of the delinquent tax list and official proceedings of the board. The writ was granted, and on the return day the motion of the respondent to quash the writ was denied. From an order, Buckham, J., quashing the resolutions of the board of January 6, 1909, whereby the board designated the Owatonna Tribune as the official newspaper of Steele county for the year 1909, and the newspaper in which the notice and list of real estate remaining delinquent on the first Monday of January, 1909, should be published, the board of county commissioners of Steele county appealed. Dismissed.

*F. A. Alexander,* for appellant.

*J. A. & A. W. Sawyer,* for respondents.

PER CURIAM.

In the matter of the letting of the publication of the notice and delinquent tax list and of the official proceedings of the board of county commissioners of said Steele county by said board of county commissioners at its annual meeting held on the fifth and sixth days of January, 1909, citizens, residents, and taxpayers of Steele county petitioned the court for a writ of certiorari to the board of county commissioners of that county. The petition prayed that by said writ the board be required to certify all its proceedings, all bids, all orders, and all evidence produced before it to the court, to the end that the court might be able to review the legality of the designation of the Owatonna Tribune as the lawful newspaper for the publication of said delinquent taxes and certain proceedings of the board of county commissioners. The writ was issued accordingly. The return to the writ was made. The board moved to quash the return. On hearing the respondent's motion to quash, the motion was denied. The court further found: " * * * That the return shows that the board of county commissioners committed an error in designating the Owatonna Tribune as the official newspaper of Steele county for the year

1909, and in designating such Owatonna Tribune as the newspaper in which the notice and list of real estate remaining delinquent on the first Monday in January, 1909, should be published, because it does not appear by such return that the offer of the publisher of said newspaper was the lowest, or that the other and lower offers were rejected because, in the judgment of said board, the public interest so required." The court made this further order: "To the end that such error may be corrected, and such selection of an official newspaper for said county may be made according to law, the order and resolution passed by said board is hereby quashed."

The appeal was taken from the order quashing the resolutions of the board in which the board designated the Owatonna Tribune as the official paper for the year 1909 and the newspaper in which the notice and list of delinquent taxes should be published.

The decisive matter in this case confronting the court at its threshold is that the order is not appealable. Neither order was final. As to the first part, this was apparently recognized by counsel, because the notice of appeal seems to be addressed only to the second part of the order. That order, however, was not a judgment. The entrance by the clerk of a judgment signed by the clerk was a necessary step to give effect thereto. This as an appellate court is therefore unable, without jurisdiction, to consider the merits of the appeal; nor can the consent of the parties confer such jurisdiction, and make appealable the order which under the statute is not appealable.

The appeal is therefore dismissed.