## ALBERT PIPER v. MONARCH ELEVATOR COMPANY.[1]

### December 9, 1921.

### No. 22,586.

**Warehouseman — weight slip not within prohibition of statute.**

1. A scrap of paper giving the gross and net weight of a load of grain delivered at a public grain warehouse, handed to the person delivering the load, by the warehouseman, and not intended to evidence a storage contract, but merely as a temporary check until proper storage tickets were made out, does not come within the provision of section 4481, G. S. 1913, prohibiting the reception in evidence in a civil action of any slips, memoranda or other form of receipts embracing a storage contract different from that prescribed by the statute.

**Decision sustained.**

2. No error is discovered in the record.

Action in the district court for Polk county to recover $140.60 for a load of wheat sold and delivered. The answer was an express denial of any indebtedness. The case was tried before Watts, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*H. A. Libby,* for appellant.

*N. B. Moran* and *W. E. Rowe,* for respondent.

[1]Reported in 185 N. W. 511.

Holt, J.

Plaintiff claimed that he delivered a load of wheat to defendant for which he had not been paid. He obtained a verdict. Defendant appeals from the order denying a new trial.

Plaintiff is a farmer near Harold, Minnesota, where defendant operates a grain elevator or public warehouse. When he threshed, in the latter part of August, 1920, the grain was hauled from the machine to the elevator, each load being weighed when received and a slip given the driver, stating the gross and net weight and, generally, the dockage. When plaintiff wished to settle, these slips were surrendered, ordinary storage tickets issued, and a sale concluded if so desired. Many loads of Durum and Marquis wheat were delivered by plaintiff to defendant on and between August 23 and 28. All have been settled for, except the load in suit which was claimed to have been delivered on the evening of August 27. Plaintiff produced a slip, Exhibit A, which his evidence tended to show was given the driver, by defendant's agent, at the time the load was delivered at the elevator. The scale book of defendant does not show the receipt of this load. All the other loads delivered were entered thereon. The evidence is such that it was properly left to the jury to determine whether or not Exhibit A was given to plaintiff's driver by defendant's agent upon the delivery of a load of wheat at the elevator, provided the reception in evidence of the exhibit was not inhibited by section 4481, G. S. 1913.

The section cited is found among the provisions pertaining to local public warehouses. It regulates the storage of grain, gives the form of the receipts that must be issued therefor, and provides for a stub record of such receipts to be kept by the warehouseman, and proceeds: "The receipts shall be consecutively numbered and delivered to the owner immediately upon receipt of each lot or parcel of grain giving the true and correct grade and weight thereof. Any provision or agreement in such receipt not contained in the aforesaid specific warehouse and storage contract shall be void. The failure to issue receipt as directed, or the issuance of slips, memoranda or any other form of receipt embracing a different warehouse or storage contract, shall be deemed a misdemeanor, and no such slip, memoranda, or other form of receipt

shall be admissible in evidence in any civil action." The last sentence came into the statute by chapter 302, p. 451, Laws 1905. And defendant plausibly argues that the decision filed in January, 1904, in Kramer v. Northwestern Elev. Co. 91 Minn. 346, 98 N. W. 96, where slips like Exhibit A were held admissible "unless prohibited by statute" [p. 349], prompted legislative action to meet attempts to defraud public warehousemen. But we cannot give the all inclusive meaning to the statute contended for by defendant. The slips, memoranda or receipts which a warehouseman is forbidden to issue and courts to admit in evidence are slips, memoranda or receipts embracing a storage contract different from the one prescribed. Exhibit A does not purport to evidence any contract whatever. It contains merely some figures, the name "Bert Piper" and "Wht. No. 4." It was not intended as a storage contract, nor to evidence any sort of an agreement. There was no attempt to prove any storage contract. We do not think the learned trial judge erred in overruling the objection to the reception of Exhibit A in evidence. Considered with the other testimony in the case, the verdict cannot be said to be without sufficient support.

There are errors assigned on rulings in respect to other exhibits offered by defendant, but no reference is made to the place in the record where such rulings were made, and we have been unable to find any except where a storage ticket was offered. This was correctly excluded, for there was no evidence that it had ever been delivered to plaintiff or shown to him.

The order must be affirmed.