# A. NORDAL, Respondent, v. R. S. DAVIDSON, Appellant.

### (195 N. W. 654.)

**Warehouseman — bailee of stored grain; held under contractual duty to issue storage tickets when requested and to insure grain stored.**

Where plaintiff delivered certain grain at 'elevator' with the request made and understanding had that storage warehouse receipts should be issued therefor, and where such receipts were issued for a part only of such grain, and scale tickets for the balance, and where storage warehouse receipts issued by defendant provided a charge for insuring grain stored, and where thereafter defendant's elevator was destroyed by fire, it is held, for reasons stated in the opinion,—

(a) That the pleadings present a cause of action for breach of duty sounding in contract on the part of the bailee of the grain; (b) That it was the duty of the bailee to issue storage tickets pursuant to the law for the grain when request was made therefor, and to insure stored grain.

### Opinion filed November 2, 1923.

: Bailments, 6 C. J. § 45 p. 1113 n. 60. Warehousemen, 40 Cyc. pp. 411 n. 93. New; 433 n. 85; 463 n. 42.

In District Court, Dunn County, *Pugh,* J.

Action to recover for grain destroyed by fire.

Defendant has appealed from a judgment in plaintiff's favor.

Judgment modified and affirmed.

*C. H. Starke,* for appellant.

The adoption of Code pleading did not have the effect of abolishing the distinction between kinds of action. Mares v. Normington, 8 N. D. 329; Black v. Elev. Co. 7 N. D. 129.

"Plaintiff having elected to bring an action ex delicto must stand or fall by the allegations as made. The power to amend is limited." Cooke v. N. P. R. Co. 22 N. D. 266.

A warehouseman is not an insurer. Ann. Cas. 1913A, 146.

The Uniform Warehouse Receipt Act does not impose upon warehouseman any duty to insure. 27 R. C. L. 955.

Note.—Insurance on fluctuating property held by warehousemen, see note in 52 L.R.A. 341: 27 R. C. L. 956; 4 R. C. L. Supp. 1779.

Under the Uniform Warehouse Receipt Act, chapter 250, Laws of 1917, there is no duty to insure. 27 R. C. L. 955.

Where he does so he acts as agent for the owners. Ann. Cas. 1913A, 146.

"A warehouse receipt does not take effect until its delivery." 40 Cyc. 411.

"Weigh-masters tickets or scale tickets, in the usual form, showing the weight of loads of grain received from certain persons, but with the word 'stored' upon them, are not warehouse receipts where they are intended to be simply memorandum of the amount of grain received and stored and are intended to be exchanged for warehouse receipts." Cathcart v. Snow (Iowa) 21 N. W. 94; Sineheimer v. Whitely (Cal.) 43 Pac. 1109; Robson v. Swart (Minn.) 100 Am. Dec. 238; 40 Cyc. 410, note.

A warehouse receipt must be in writing. See 40 Cyc. 407, and cases cited.

When plaintiff deposited grain in defendant's elevator he became a tenant in common with other persons having grain of like kind and quality in the elevator. (See Uniform Warehouse Act). 27 R. C. L. 979.

The case of Mayer v. Gersbacher, 106 Ill. App. 511, affirmed in 207 Ill. 296, 69 N. E. 789, is very closely in point with the instant case.

*T. F. Murtha,* for respondent.

"The facts established by the pleadings, in connection with those established by undisputed evidence, which was received without specified objection thereto, are, in my opinion, sufficient to show a liability to the amount recovered. The complaint states a cause of action. This being true, I deem it unnecessary, under the facts shown by the record, to determine whether claim and delivery, or an action for damages as for a conversion of the grain, was the proper remedy, or whether either action would be the proper remedy, in view of the anomalous provisions of the statute." Marshall v. Gage, 8 N. D. 364.

"Failure of warehousemen to actually issue storage receipt is immaterial. Same in regard to issue of bills of lading." 30 L.R.A. (N.S.) 30, 31 notes; Buffalo Grain Co. v. Sowerby (N. Y.) 88 N. E. 569 Syl. 4; Zorn v. Hannah (Ga.) 31 S. E. 779; Olson v. Brady

(Minn.) 78 N. W. 864; Farmers Ginnery V. M. Co. v. Thrasher (Ga.) 87 S. E. 804, 13 L.R.A. 518.

All of above on duty of warehouseman to issue-burden of proof. Drudge v. Leiter (Ind.) 49 N. W. 34.

## Statement.

Bronson, Ch. J. This is an action against defendant, a bailee for hire, for grain destroyed by fire. Among other things the complaint alleges that plaintiff delivered to defendant at his warehouse certain grain; that defendant issued to plaintiff certain scale tickets therefor and promised and agreed to issue to plaintiff storage tickets for same and to keep them for plaintiff; that only one storage ticket was issued to plaintiff; that plaintiff is the owner of such certificate and that the others were not delivered to him; that he is the owner and entitled to possession of the grain; that he demanded such grain and offered to pay defendant his charges therefor all of which was refused. Then follows an allegation of the value of such grain. The answer in general alleges that defendant received certain grain for which it issued to plaintiff storage tickets; that on January 26th, 1922, the grain then upon deposit in defendant's elevator was totally destroyed by fire; that, for the protection of persons having grain stored, defendant carried insurance against fire upon the grain in the elevator; that the various companies writing the insurance have paid the same to defendant and defendant tendered to plaintiff his proper share of the insurance money less monies due defendant from plaintiff and is ready and willing to pay the same to plaintiff. Defendant also set up a cross-complaint and counterclaim for a certain promissory note made by plaintiff to defendant, for storage due upon the storage tickets for grain, and for certain flour purchased by plaintiff. In the prayer for judgment defendant demands relief upon the counterclaims and that the amount thereof be declared a lien upon all the grain stored with defendant and set off against the amount due plaintiff for insurance upon his grain stored with defendant; that plaintiff have judgment for any balance then found due from defendant to plaintiff.

The facts are: Plaintiff is a farmer residing near Werner. Defendant operated an elevator at Werner. In October, 1920, plaintiff deliv-

ered certain Durum wheat and flax at the elevator for storage. He received storage tickets therefor excepting a discrepancy of some 60 bushels not included in such storage tickets. On March 24th, 1921 he delivered at defendant's elevator certain No. 2 Durum wheat. This delivery is evidenced by a scale slip. No storage ticket was issued therefor. Again, on September 1st and 2d, 1921, plaintiff delivered certain Durum wheat at defendant's elevator. A storage ticket was issued therefor. Between September 8th, 1921, and October 7th, 1921, both dates inclusive, plaintiff delivered certain other Durum grain at defendant's elevator and received scale tickets therefor. No storage tickets, so far as the evidence discloses, was issued for this grain. On September 10th, 1921, plaintiff sold 100 bushels of Durum wheat. This amount was deducted from a storage ticket theretofore issued and a new one issued in lieu thereof. Previously, in November, 1920, plaintiff borrowed from defendant upon his promissory note $350, due upon demand, with interest at 10 per cent, securing the same by the storage tickets issued on the Durum wheat and flax delivered to defendant in October, 1920. Plaintiff testified to the effect that when he hauled this grain to the elevator he advised the agent that he desired to store it and not to sell it: that the agent knew that he wanted to store it, advised him that it was all right and that he talked with the agent about the storage ticket. Otherwise plaintiff testified that he always left his storage tickets in the elevator; that the only one which he took and received was the storage ticket out of which he sold 100 bushels of Durum.

On January 26th, 1922, defendant's elevator at Werner was destroyed by fire. The defendant testified that he carried insurance upon the grain stored therein as represented by storage tickets; that he had no knowledge of any grain outstanding, delivered by plaintiff and as evidenced by the scale tickets, prior to a demand by the plaintiff concerning the same made after the fire; that he made adjustment with the insurance companies at a certain price per bushel for the grain in the elevator by considering the cash receipts of grain and of the storage tickets and deducting therefrom the sales and shipments; that the insurance made and as adjusted did not cover grain that was held upon scale tickets. Otherwise, defendant testified that, in the settlement made with the insurance companies, for Durum wheat destroyed, there

was an excess of over 640 bushels over and above the amount repre-
sented by outstanding storage tickets and for flax, over 680 bushels
more than the amount represented by outstanding storage tickets there-
for.   The action was tried to the court by stipulation without a jury.
The evidence at the trial disclosed storage tickets issued for No. 1
Durum aggregating about 676 bu.; for flax, about 83 bu.   The balance
of the grain delivered by plaintiff was evidenced by scale tickets which
simply disclose the gross and net amount and kind of grain with dock-
age for each load delivered.   The storage tickets provided a charge for
receiving, insuring and delivering grain stored.   The trial court found
that 1548 bu. 20 lbs. No. 1 Amber Durum wheat, 136 bu. 44 lbs. No. 1
flax, and 42 bu. 20 lbs. of other Amber wheat was delivered at defend-
ant's elevator for storage; that defendant accepted the same and prom-
ised and agreed to issue storage tickets therefor and to keep the same
for the plaintiff; that defendant failed to make out such storage tickets
excepting for a small part of such grain.   The trial court found the
value of the grain to be the amount per bushel which was allowed by
the insurance companies for the grain at the time of the fire.   The trial
court, accordingly, ordered judgment in plaintiff's favor for the amount
of the grain less defendant's counterclaims and the amount due for
storage and insurance upon such grain.   The defendant has appealed
from the judgment.   Shortly after the appeal, plaintiff's counsel noti-
fied defendant that a mistake had been made by the trial court in ascer-
taining the total amount of the No. 1 Amber wheat delivered by plain-
tiff to defendant.   He offered to reduce the amount of the judgment so
as to show 1309 bu. 30 lbs of No. 1 Amber wheat delivered instead of
the amount found by the trial court so as to leave a net judgment in
plaintiff's favor of $850.84 as of date October 24th, 1922.   The de-
fendant contends that plaintiff's action is one of tort for conversion and
that the plaintiff has failed to establish any conversion; that the eleva-
tor and its contents were totally destroyed by fire and that this formed
a perfect defense, that, furthermore, no proper proof of value and de-
mand had been made.

## Decision.

We are of the opinion that the complaint may be treated and con-

sidered as stating a cause of action for breach of duty by defendant. Defendant tendered the issue that, after deducting its counterclaims and the proper charges for storage, plaintiff was entitled to have judgment for any balance found due him from defendant. The parties proceeded to trial and all evidence was received without any objection being made concerning the form of the action or the failure of plaintiff to establish a cause of action in conversion or otherwise. The trial court found that defendant received plaintiff's grain and agreed to issue storage tickets therefor. This finding is supported by the evidence. Under the statute it was the duty of the defendant to issue a warehouse receipt upon the request of any person delivering grain thereat. Comp. Laws 1913, § 3112. The defendant was further required to issue a warehouse receipt pursuant to law. See Uniform Warehouse Act, chap. 250, Laws 1917; Kastner v. Andrews, 49 N. D. 1059, 194 N. W. 824. During the period of time concerned the warehouse receipts issued by defendant to plaintiff or otherwise provided a charge for insuring grain placed with defendant upon storage. Accordingly, there was imposed upon defendant the duty, sounding in contract under the facts, to issue a storage receipt and to insure defendant's stored grain. 6 C. J. 1113; 40 Cyc. 433; Deming v. Merchants' Cotton Press & Storage Co. 90 Tenn. 306, 13 L.R.A. 518, 17 S. W. 89; Farmers Ginnery & Mfg. Co. v. Thrasher, 144 Ga. 598, 87 S. E. 804. Defendant did not perform this duty and is liable for his breach thereof so far as the grain covered by scale tickets is concerned. In its answer defendant has placed the measure of the loss by alleging value of the grain destroyed by fire. This measure of loss per bushel was adopted by the trial court. Upon the issues as submitted it was proper for the trial court to render judgment for the amount of actual bushels delivered by plaintiff at defendant's elevator less the proper counterclaim and charges of defendant. Accordingly, by reason of the erroneous computation, admittedly made, the judgment of the trial court should be modified by entry of a new judgment in favor of plaintiff and against defendant for $850.84 as of date Oct. 24th, 1922, without any costs in this court and with costs in the trial court. Defendant will recover his taxable disbursements upon this appeal. It is so ordered.

CHRISTIANSON, NUESSLE, JOHNSON, and BIRDZELL, JJ., concur.