## JENS ANDERSON v. KURT H. KRUEGER AND OTHERS.[1]

February 11, 1927.

No. 25,774.

**Appeal dismissed for lack of jurisdiction.**

1. A receiver was appointed for a firm operating a public local grain warehouse. The surety on their bond appealed from the allowance of certain claims, but served notice of appeal upon only one of the claimants. The appeal is dismissed as to other claimants for lack of jurisdiction.

**Stipulation will not confer appellate jurisdiction.**

2. Jurisdiction cannot be conferred by stipulation, where the court has only appellate jurisdiction.

**What storage tickets are inadmissible in evidence.**

3. Only those storage tickets containing a contract differing from the prescribed contract are declared by statute to be inadmissible in evidence.

**Surety liable for warehouseman's performance of all statutory duties.**

4. The surety having made itself responsible for the performance by the warehouseman of all duties imposed upon him by statute, cannot avoid liability on the ground that he failed to issue the prescribed storage ticket.

Appeal and Error, 3 C. J. p. 369 n. 30; p. 370 n. 35; p. 1202 n. 62; p. 1238 n. 53; p. 1240 n. 63; 4 C. J. p. 591 n. 18.
Warehousemen, 40 Cyc. p. 407 n. 76; p. 474 n. 18.

[1]Reported in 212 N. W. 198.

The intervener, Indemnity Insurance Company of North America, appealed from an order of the district court for Cottonwood county, Nelson, J., allowing claims in the receivership of the Krueger Grain Company. Affirmed.

*Snyder, Gale & Richards,* for appellant.

*O. J. Finstad,* for respondents.

TAYLOR, C.

The defendants operated a public local grain warehouse at Westbrook in Cottonwood county under the firm name ·of Krueger Grain Company. The intervener, Indemnity Insurance Company of North America, is the surety upon their bond given pursuant to the statute for the protection of those storing grain in the warehouse. In April, 1925, Charles A. Flinn was appointed receiver of the grain company by the district court. Many claims were filed for grain for which the claimants held "storage tickets" issued in the form prescribed by G. S. 1923, § 5063. Some claims were filed for which the claimants held only "scale tickets" issued as required and in the form prescribed by G. S. 1923, § 5076. The surety company filed objections to the claims based on "scale tickets," and also to the claim of the Citizens State Bank of Westbrook based on "storage tickets." By its order of May 15, 1926, the court allowed these claims and directed the receiver to distribute to these claimants their ratable share of the proceeds of like grain in his hands. The surety company appealed from the order allowing these claims and served the notice of appeal upon the attorney for the receiver and the attorney for the bank.

The fact that the grain company had received for storage the grain claimed by these claimants and had neither returned it nor paid for it is not questioned. Appellant states that "there is no dispute of fact involved." It bases its objection to the allowance of the several claims solely on the ground that they are not evidenced by "storage tickets" in the form prescribed by G. S. 1923, § 5063.

It is conceded that the notice of appeal was not served on any of the claimants whose claims are based upon the "scale tickets."

The statute, G. S. 1923, § 9492, requires that the notice of appeal be served on the adverse party. These claimants are adverse parties to the surety company within the meaning of the statute; and, as they were not served with the notice of appeal, they are not parties to the appeal, and this court is without jurisdiction to review the order so far as it relates to them. Frost v. St. Paul B. & Inv. Co. 57 Minn. 325, 59 N. W. 308; Oswald v. St. Paul Globe Pub. Co. 60 Minn. 82, 88, 61 N. W. 902; Lambert v. Scandinavian-Am. Bank, 66 Minn. 185, 68 N. W. 834; Breen v. Cameron, 132 Minn. 357, 157 N. W. 500; Finch, V. S. & McC. v. LeSueur Co. Co-Op. Co. 134 Minn. 376, 159 N. W. 826; Thwing v. McDonald, 139 Minn. 157, 165 N. W. 1065.

The surety company recognizing that these claimants had not been made parties to the appeal entered into a stipulation with one of them by which he agreed to become a party to the appeal and to submit his claim for review. But where this court has only appellate jurisdiction, as in this case, jurisdiction cannot be conferred upon it by stipulation. Rathbun v. Moody, 4 Minn. 273 (364); Jones v. City of Minneapolis, 20 Minn. 444 (491); American Ins. Co. v. Schroeder, 21 Minn. 331; Klein v. St. P. M. & M. Ry. Co. 30 Minn. 451, 16 N. W. 265; Adams v. City of Thief River Falls. 84 Minn. 30, 86 N. W. 767; Darby v. Board of Co. Commrs. 109 Minn. 258, 123 N. W. 662; also the numerous cases cited in 3 C. J. 369. The statute, G. S. 1923, § 9492, provides that:

"Whenever a party, in good faith, gives notice of appeal  *  *  * and omits, through mistake, to do any other act necessary to perfect the appeal,  *  *  *  the court may permit an amendment on such terms as may be just,"

thereby saying in effect that the giving of the notice is the one jurisdictional requirement which the court cannot waive. It follows that the appeal so far as it relates to claimants holding "scale tickets" must be and is dismissed.

The facts relating to the claim of the bank are agreed upon and set forth in a stipulation. P. J. Peterson delivered at the warehouse for storage 2,800 bushels of grain, consisting of corn and oats, upon

which he wished to borrow $2,000. By agreement between him, the bank and the grain company, the bank made the loan and the grain company issued the storage tickets directly to the bank. Although the tickets were issued directly to the bank, Peterson indorsed them.

The point urged is that these tickets were issued in violation of G. S. 1923, § 5063, because they were not issued to the owner of the grain, but to the one who held it as security for a loan.

The statute provides:

"Upon delivery of grain for storage a legal warehouse storage receipt shall be issued to the owner or his agent which shall state * * * the name of the owner of the grain * * * and * * * shall contain * * * the following specific warehouse and storage contract: (Provisions to be included are here set forth). Any provision or agreement in such receipt not contained in the aforesaid specific warehouse and storage contract shall be void. The failure to issue such receipt, as directed, or the issuance of slips, memoranda or any other form of receipt embracing a different warehouse or storage contract shall be deemed a misdemeanor, and no such slip, memoranda, or other form of receipt shall be admissible in evidence in any civil action."

The surety company argues that by force of this statute the storage tickets in question were not admissible in evidence for the reason that they were issued directly to the bank as owner of the grain, when Peterson was in fact the owner and the bank merely held it as security. "The slips, memoranda or receipts which a warehouseman is forbidden to issue and courts to admit in evidence are slips, memoranda or receipts embracing a storage contract different from the one prescribed." Piper v. Monarch Elev. Co. 150 Minn. 468, 185 N. W. 511.

These tickets are in the form and contain the specific storage contract prescribed by the statute and therefore are not within the prohibition. Whether a storage ticket containing a contract differing from the statutory contract should be excluded as not evidence of any fact stated therein, or merely as not evidence of the existence

of such different contract, it is not necessary to determine in this case.

The surety company concedes that the bond which it gave contains the statutory conditions. The statute, G. S. 1923, § 5071, requires that the bond "shall be conditioned upon the faithful performance by the public local grain warehouseman of all the provisions of law relating to the storage of grain by such warehouseman." The surety company thereby made itself responsible for the performance by the warehouseman of all the duties and obligations imposed upon him by the statute; and, if he failed to perform any such duty to the loss or detriment of those who delivered grain for storage, the surety company became liable therefor. Where the warehouseman receives grain for storage and refuses to return or pay for it, the fact that he failed to issue the receipt which the statute required him to issue on receiving it is not available to the surety as a defense against an action on the bond. The obligation of the surety covers the duty of the warehouseman to issue the prescribed receipt as well as the other duties imposed upon him by the statute.

The surety company having made itself responsible for any failure of the grain company to evidence the contract of bailment in the manner and form required by the statute, cannot be heard to say that the failure of the grain company so to evidence such contract released it from liability for grain which the grain company received for storage and thereafter converted to its own use. Nordal v. Davidson, 50 N. D. 295, 195 N. W. 654. See also Northern Trust Co. v. Consolidated Elev. Co. 142 Minn. 132, 171 N. W. 265, 4 A. L. R. 510; Vukmirovich v. Nickolich, 123 Minn. 165, 143 N. W. 255; Cooper, Myers & Co. v. Smith, 139 Minn. 382, 166 N. W. 504.

The order allowing the claim of the bank is affirmed.