**DIXEY et al. v. FEDERAL COMPRESS & WAREHOUSE CO.**

No. 12301.

Circuit Court of Appeals, Eighth Circuit.

Dec. 11, 1942.

Verne McMillen, of Little Rock, Ark. (St. Clair Adams, of New Orleans, La., on the brief), for appellants.

A. L. Barber, of Little Rock, Ark. (Barber, Henry & Thurman, of Little Rock, Ark., and Sam P. Walker and Waring, Walker & Cox, all of Memphis, Tenn., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This is an appeal from a judgment dismissing an action brought by appellants against appellee seeking damages for appellee's failure to collect insurance on goods of plaintiffs which were destroyed by fire while stored in appellee's warehouse. The parties will be referred to as they were designated in the trial court.

The complaint was twice amended. The motion to dismiss was based upon the ground that the amended complaint did not state "a claim upon which the relief sought could be granted".

The complaint as amended contained the requisite jurisdictional averments and for cause of action alleged that during the period from October 11 to October 22, inclusive, 1940, plaintiffs stored in a warehouse licensed and operated by defendant at Blytheville, Arkansas, under the United States Warehouse Act, 7 U.S.C.A. § 241 et seq., 73 bales of cotton of the value of $4,667.98, for which defendant issued and delivered to plaintiffs warehouse receipts as required by the regulations promulgated under the Act by the Secretary of Agriculture. That all of the cotton was destroyed by fire while in the warehouse on the night of October 22, 1940. That each of the warehouse receipts issued to plaintiffs provided that "this receipt is issued subject to the United States Warehouse Act, the regulations for cotton warehouses thereunder, and the terms of this contract. Said cotton is fully insured by the undersigned warehouseman against loss or damage by fire or lightning". That the defendant fully insured the cotton covered by their warehouse receipts but "that defendant wholly

failed and refused to promptly take such steps as were necessary to collect the money due under the insurance policy issued to defendant covering loss or damage to said cotton and promptly paying over to plaintiffs the money collected by it for the loss of said cotton, although demand had been made for payment". That prior to the fire which destroyed the cotton so stored in defendant's warehouse and covered by their warehouse receipts, the Pennsylvania Fire Insurance Company issued to plaintiffs its policy of insurance covering loss or damage by fire to all cotton in bales owned by plaintiffs and located within the United States; and when defendant refused to pay plaintiffs for their loss the Pennsylvania Fire Insurance Company loaned plaintiffs the sum of $4,667.98, the value of the cotton destroyed, under an agreement reading as follows:

"November 28, 1940.
"Loan Receipt
"$4,667.98

"Received from Pennsylvania Fire Insurance Company the sum of $4667.98 Dollars as a loan, without interest, under Policy 187901 repayable only in the event and to the extent that any net recovery is made by us from any person or persons, corporation or corporations or other parties, on account of loss by fire, sprinkler leakage, or other casualty for which this company may be liable, occasioned to our property on or about 22 day of Oct. 1940.

"As security for such payment, we hereby pledge to said Penn. Fire Insurance Company whatever recovery we may make, and deliver to it herewith all documents necessary to show our interest in said property and we hereby agree to promptly present claim and, if necessary, to commence, enter into and prosecute suit against such person or persons, corporation or corporations, through whose negligence the aforesaid loss was caused, or who may otherwise be responsible therefor, with all due diligence, in our own name, but at the expense of/and under the exclusive direction and control of the said Penn. Fire Insurance Company.

"In presence of     "E. B. DIXEY & Co.,
"DOUGLASS G. DREN-   "Joseph A. Airey,
NAN.             Jr., (Partner)"

It was alleged that the action was brought for the use and benefit of the Pennsylvania Fire Insurance Company. The policy issued by the Pennsylvania Company to plaintiffs, a copy of which was attached to the amended complaint, provided that "this company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from the premises endangered by fire than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers covering such property".

The judgment of dismissal reserved to plaintiffs the right to amend by making defendant's insurance carrier, which insured the cotton for defendant, a party defendant. Plaintiffs elected not to join the insurance company and thereupon the court dismissed the action on its merits.

Plaintiffs, in asking reversal of the judgment, contend that the defendant as a warehouseman was under the duty to insure the cotton and to collect and pay over the insurance money to plaintiffs; that the sum advanced by the Pennsylvania Fire Insurance Company was a loan and not payment, and defendant's insurance was primary insurance, the right of action on which was in it.

Section 268, 7 U.S.C.A. (Section 28, Warehouse Act), provides that the Secretary of Agriculture shall make such rules and regulations as he may deem necessary for the efficient execution of the provisions of the Act. Regulation 5, of the regulations for cotton warehouses originally approved August 27, 1931, and amended August 13, 1938, provides as follows:

"When requested in writing by the depositor of cotton in a licensed warehouse, or by the holder of the receipt covering such cotton, to insure such cotton against loss or damage by fire, lightning, and/or flood, each licensed warehouseman shall secure in his own name such insurance under reporting forms of policies which automatically attach for the full value of such cotton, including daily changes of value through market fluctuations and changes in the quantity of such product from day to day, as soon as such cotton is placed in his legal custody, and he shall continue such insurance in effect so long as the cotton remains in his legal custody. Such insurance shall be covered by lawful policies issued by one or more insurance companies. * * * Nothing in this section shall be construed to prevent a licensed warehouseman from adopting a rule that he will insure all cotton stored in his warehouse, but if he elects to insure he shall

accomplish such insurance through policies as above specified."

Section 3. "Each warehouseman shall promptly take such steps as may be necessary and proper to collect any moneys which may become due under contracts of insurance entered into by him for the purpose of meeting the requirements of these regulations, and shall, as soon as collected, promptly pay over to the persons concerned any portion of such moneys which they may be entitled to receive from him."

These regulations had the effect of law and became a part of the contract between the owners of the receipts and the warehouseman. Canada Southern Ry. Co. v. Gebhard, 109 U.S. 527, 3 S.Ct. 363, 27 L.Ed. 1020; Kemp v. United States, D.C. M.D., 38 F.Supp. 568. The duty of defendant to collect insurance and pay over the proceeds so collected to plaintiffs was a contract duty, the breach of which gave rise to a cause of action in plaintiffs. Nordal v. Davidson, 50 N.D. 295, 195 N.W. 654.

It is, however, contended by the defendant that plaintiffs are precluded from their right to recover for the breach of this contract because the Pennsylvania Fire Insurance Company has already paid them in full for their loss. In other words, defendant maintains that the money advanced to the plaintiffs by the Pennsylvania Fire Insurance Company was in fact not a loan but a payment of the fire loss, that the so-called loss was not to be repaid to plaintiffs unless there was a recovery based upon the negligence of defendant in causing the fire, and there was no allegation of negligence.

The practice of insurance companies in advancing funds to their insured in cases of loss of this character upon loan receipts is well established. It is said of the practice that it often relieves the insured from financial embarrassment and the courts have generally approved the commercial practice on the theory that the money advanced is in fact a loan, and the receipts are evidence of loans and not evidence of payment. Luckenbach v. McCahan Sugar Refining Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522; Graysonia, Nashville & Ashton R. Co. v. Newberger Cotton Co., 170 Ark. 1039, 282 S.W. 975; The Turret Crown, 2d Cir., 297 F. 766; Sorenson v. Boston Ins. Co., 4th Cir., 20 F.2d 640; Zaidens v. Salter, 142 Misc. 439, 254 N.Y.S. 602; Adler v.

Bush Terminal Co., 161 Misc. 509, 291 N.Y.S. 435; Automobile Ins. Co. v. Springfield Dyeing Co., 3rd Cir., 109 F.2d 533.

The argument that such loans must be received as payments is grounded on the theory that plaintiffs' claim is for damages for breach of contract instead of for negligence, but here the damages sought to be recovered grow out of the breach of contract which obligated the defendant to collect the insurance covering plaintiffs' loss and pay it over to plaintiffs. The provision of the loan receipt is to the effect that the loan is "payable only in the event and to the extent that any net recovery is made by us (plaintiffs) from any person or persons, corporation or corporations, or other parties on account of loss by fire * * * or other casualty for which this company may be liable, occasioned to our property on or about the 22nd day of October, 1940". This does not limit the exemption from payment to a recovery for negligence. A like provision has been considered in the cases cited and held not to be a bar.

It is argued that in the Luckenbach case, as in the Newberger Cotton Company case, there was a liability for loss of goods by the bailee, whereas in the instant case there being no allegation of negligence, the bailee was not primarily liable for the loss as bailee. But here the liability of the defendant arises from its default in making available to plaintiffs a certain indemnity. Nordal v. Davidson, supra. There was here a contract on the part of the defendant not only to insure, but there was a duty imposed on him by law which became a part of the contract, to collect the funds from the insurance company in the event of loss and promptly pay them over to plaintiffs.

It is urged that plaintiffs, having been compensated for the loss by the Pennsylvania Fire Insurance Company, are not the real parties in interest. They have the legal title to the claim and according to the allegations of the complaint the insurance company has the beneficial interest in the claim. Plaintiffs are trustees of an express trust, and it is generally held that such an action may be maintained in the name of the party having legal title though it is brought for the benefit of another. It is so held in Arkansas. Beekman Lumber Co. v. Kittrell, 80 Ark. 228, 96 S.W. 988. The Arkansas statute, § 6002, Kirby's Digest, 1904, § 28, Civil Code of Arkan-

sas Annotated 1934, provides that "an executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or the state, or any officer thereof, or any person expressly authorized by the statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted". Rule 17(a) of the Rules for District Courts, 28 U.S.C.A. following section 723c, is substantially the same.

The regulations imposed a duty upon defendant to insure the stored cotton. When, pursuant to this regulation which has the force and effect of law, defendant took out the insurance, it may well have been primary insurance, but when it became effective it did not differ in its contractual obligations from any other insurance.

█ The reason or cause for having taken out the insurance had no bearing upon the question of the relative contractual duties and obligations of the parties. It was double or concurrent insurance and in the case of loss in such circumstances the one paying the entire loss is entitled to pro rata contribution from the other insurer. Home Ins. Co. v. Baltimore Warehouse Co., 93 U.S. 527, 23 L.Ed. 868. The question of contribution may arise between the insurers, a matter not now before the court. The Luckenbach case supra is authority sustaining plaintiffs' contention that the Pennsylvania Life Insurance Company has not paid the loss but has only made a loan and that the cause of action in the insured has not been affected thereby.

It must be borne in mind, too, that this action is not to recover on defendant's insurance policy but upon its contract with plaintiffs. The Supreme Court of Tennessee has taken the view that a transaction such as disclosed by the loan receipts in the instant case, is not in fact a loan but must be considered as payment. But we think the weight of authority sustains the holding that in the absence of evidence to the contrary such adjustments constitute loans and not payments.

█ It is finally urged that the judgment should be sustained because plaintiffs refused to make the insurance carrier of defendant a party. We are of the view that the defendant's insurance carrier is not a necessary party defendant. As already observed the action is not to recover on defendant's insurance policy, but upon the

contract between defendant and plaintiffs. Even though defendant's policy was for the benefit of plaintiffs, still plaintiffs were not parties to it. The policy was taken in the name of the defendant and plaintiffs have not accepted the insurance company issuing the policy as their debtor instead of the defendant. Until they shall have done so they have no right of action against the defendant's insurance carrier. National Surety Corp. v. Ellison, 8 Cir., 88 F.2d 399. Rules 17 and 19, Rules for Procedure for District Courts do not require the plaintiffs even though given an opportunity so to do, to sue defendant's insurance carrier.

The judgment appealed from is, therefore, reversed and the cause remanded for further proceedings consistent herewith.