### DIXEY et al. v. FEDERAL COMPRESS & WAREHOUSE CO. et al.

#### No. 12714.

Circuit Court of Appeals, Eighth Circuit.

Feb. 8, 1944.

Verne McMillen, of Little Rock, Ark. (St. Clair Adams, of New Orleans, La., on the brief), for appellants.

A. L. Barber, of Little Rock, Ark. (Barber, Henry & Thurman, of Little Rock, Ark., Waring, Walker & Cox, and Sam P. Walker, all of Memphis, Tenn., on the brief), for appellees.

Before SANBORN and WOODROUGH, Circuit Judges, and MOORE, District Judge.

## WOODROUGH, Circuit Judge.

The plaintiffs were owners of cotton stored in the warehouse of the defendant Federal Compress and Warehouse Company under warehouse receipts issued in accordance with the requirements of the United States Warehouse Act, 7 U. S.C.A. § 241 et seq., and the cotton was destroyed by fire in the warehouse. The Pacific National Fire Insurance Company had issued its fire insurance policy to the warehouse company insuring the cotton against the loss by the fire and the plaintiffs themselves held an insurance policy issued to them by the Pennsylvania Fire Insurance Company which also insured the cotton against the loss by the fire. Neither insurance company paid the loss, but the Pennsylvania company advanced the amount thereof to the plaintiffs under loan contract which required plaintiffs to sue "whoever may be responsible" for their loss for the use and benefit of the Pennsylvania company. Plaintiffs, suing for the use of the Pennsylvania, brought this action originally to recover the amount of the loss against the warehouse company alone without joining that company's insurer as a party defendant. They set up the transactions with the Pennsylvania company and alleged that the warehouse company had refused to take the necessary steps to collect from its insurer, the Pacific company, and promptly pay the plaintiffs as required by Regulation 5 of the regulations for cotton warehouses, approved August 27, 1931, amended August 13, 1938. Their action was dismissed by the trial court and they appealed to this court which reversed and remanded. Dixey v. Federal Compress & Warehouse Co., 8 Cir., 132 F.2d 275, 279.

On that appeal this court considered the transactions between the plaintiffs and the Pennsylvania company and determined that plaintiffs' cause of action arising out of their fire loss had not been extinguished by payment. It also decided that the warehouse company had become obligated under the provisions of the regulations set out in the opinion to promptly take necessary and proper steps to collect from its insurer and to make payment of such collections to plaintiffs, and that the complaint alleging that the warehouse company had refused so to do stated a cause of action against the warehouse company to which the Pacific company was not a necessary party. Though the record on that appeal included the policy issued by the Pennsylvania company to plaintiff, it did not contain a copy of the insurance policy issued by the Pacific company to the warehouse company. But it was alleged by the plaintiffs concerning the insurance issued to the warehouse company, that it "did fully insure the cotton", and one of the contentions they made in their brief for reversal of the judgment of dismissal against them was that such insurance was "primary insurance". In answer to that contention we considered the nature of that insurance as it appeared from the record and in the light of the regulation pursuant to which it was issued, and said:

"The regulations imposed a duty upon defendant to insure the stored cotton. When, pursuant to this regulation which has the force and effect of law, defendant took out the insurance, it may well have been primary insurance, but when it became effective it did not differ in its contractual obligations from any other insurance.

"The reason or cause for having taken out the insurance had no bearing upon

the question of the relative contractual duties and obligations of the parties. It was double or concurrent insurance and in the case of loss in such circumstances the one paying the entire loss is entitled to pro rata contribution from the other insurer. Home Ins. Co. v. Baltimore Warehouse Co., 93 U.S. 527, 23 L.Ed. 868. The question of contribution may arise between the insurers, a matter not now before the court. The Luckenbach case, supra [Luckenbach v. W. J. Mc-Cahan Sugar Refining Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522], is authority sustaining plaintiffs' contention that the Pennsylvania Life Insurance Company has not paid the loss but has only made a loan and that the cause of action in the insured has not been affected thereby."

On the remand of the case to the district court the Pacific National Fire Insurance Company was made a party defendant and filed its answer, the fire insurance policy which it had issued to the warehouse company being attached to the pleadings as amended and disclosing that its substance was as alleged and assumed in the former appeal. The Pacific company pleaded, among other things, that the policy of the Pennsylvania company (made a third party defendant by Pacific's third party complaint) was primary insurance; or, if not, that the two policies constituted double insurance and that the loss should be apportioned. After trial, the court found that the plaintiffs' cotton destroyed by fire in the warehouse was at the time insured for its full value by both of the insurance companies whose policies covered the same cotton and insured the same or identical interests. The court therefore apportioned the loss equally between the companies and awarded judgment to the plaintiffs for the use of the Pennsylvania company against the Pacific company for one-half the amount of the loss.

From that judgment the plaintiffs again appeal. They contend (1) that the court should have given them a judgment on their original cause of action in the amount of the value of their cotton against the warehouse company, and (2) that the insurance issued by the two companies was not double insurance and that no right of contribution existed in favor of either insurance company.

■ (1) It is true that on the first appeal to this court we held that the plaintiffs had sufficiently pleaded a cause of action against the warehouse company for that company's refusal to take proper steps to collect from its insurer. But after the remand that insurer was duly proceeded against and was compelled to respond to the extent of its liability. Therefore no damage accrued to plaintiffs from the mere refusal to proceed on the part of the warehouse company, originally relied on by plaintiffs. No negligence in respect to the fire was charged against the warehouse company and we find no merit in the first point argued.

■ (2) We observed on the former appeal of this case that the two insurance policies constituted double or concurrent insurance. They each, in specific terms, insured against damage by fire to the specific property to the amount of the value. Although the Pennsylvania promised to pay to the plaintiffs and the Pacific promised to pay to the warehouse company, the warehouse company was required by the regulation to pass the money promptly on to the plaintiffs so that the plaintiffs' interest was the sole and real interest insured. In that situation apportionment of the insurance payable was appropriate and necessary. We cited Home Ins. Co. v. Baltimore Warehouse Co., 93 U.S. 527, 23 L.Ed. 868, as conclusive in our former opinion, and further study occasioned by this second appeal confirms that the law as to double insurance declared in that case has not been departed from. Robbins v. Firemen's Fund Ins. Co., 20 Fed.Cas. page 858, No. 11,881, 16 Blatchf. 122; Hough v. President, etc., of People's Fire Ins. Co., 36 Md. 398; Fire Ins. Ass'n, Ltd., of England v. Merchants' & Miners' Transp. Co., 66 Md. 339, 7 A. 905, 59 Am.Rep. 162. We did not, and do not now, find anything in the Regulation 5 forbidding or affecting the apportionment of insurance payments in cases of double insurance effected upon property within its purview.

We think that the trial court properly applied the law of the case to the facts and that its apportionment of the insurance payable on account of the loss equally between the two insurance companies before the court was without error.

Affirmed.