MARJORIE LUETHI v. ELEANOR H. STANKO, ALSO KNOWN AS ELEANOR H. STANKE, AND ANOTHER. UNITED STATES FIDELITY & GUARANTY COMPANY, THIRD-PARTY DEFENDANT, APPELLANT.[1]

December 4, 1953.

No. 36,046.

[1] Reported in 61 N. W. (2d) 522.

*Ernest A. Rich* and *S. S. Larson,* for appellant.

*William H. DeParcq,* Chairman, Court Rules Committee, Minnesota State Bar Association, *Charles Alan Wright,* Secretary, *amici curiae.*

*Miner & Miner, Warren B. King,* and *Clark MacGregor,* for plaintiffs-respondents.

*Samuel Dolf,* for defendants-respondents.

THOMAS GALLAGHER, JUSTICE.

This is an appeal from an order denying a motion by third-party defendant, United States Fidelity and Guaranty Company, a corporation, hereinafter referred to as the insurance company, for an order vacating an order of the court made November 26, 1952, authorizing defendants Eleanor H. Stanko, also known as Eleanor H. Stanke, and Michael Stanko, also known as Michael Stanke, as third-party plaintiffs, to serve a summons and complaint upon the insurance company, thereby making it a party to the litigation.

The order of November 26, 1952, was made under Rule 14.01 of the Rules of Civil Procedure, which provides in part as follows:

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

The order of November 26, 1952, provided:

"It appears that in this case the accident involved and set forth in the plaintiff's complaint and the defendant Michael Stanko's counterclaim happened the day that the car was purchased. It is

also defendant's claim that on that day the prior owner assigned a policy of liability insurance in the United States Fidelity & Guaranty Co. to defendant Eleanor Stanko. It is defendants' counsel's understanding that this assignment was made with the knowledge of the agent of that company, and that that agent at that time told the purchasers that they were covered. Under these circumstances, although the U. S. F. & G. Co. later declined to accept the written assignment of the policy, it is defendants' claim that they are insured and entitled to the protection of that policy, and the defense of the action by the insurance company.

\* \* \* \* \*

"\* \* \* plaintiff \* \* \* consents that \* \* \* defendants' counsel may bring a third party complaint against United States Fidelity & Guaranty Co. \* \* \* to bring them into this lawsuit. It \* \* \* appears that \* \* \* at the time the summons and complaint was served \* \* \* [defendants] tendered defense of this action to them [the insurance company], which they \* \* \* refused.

"It is therefore ordered that \* \* \* defendants \* \* \* may within ten days of the date hereof serve a third party summons and complaint and a copy of the original summons and complaint \* \* \* on said Insurance Company, they \* \* \* to have such time to answer or take other steps as may by law be given \* \* \*."

In a memorandum attached to the order denying the insurance company's subsequent motion to vacate the order of November 26, 1952, the court stated:

"The Court \* \* \* is of the belief that under Rule 14.01 of the Rules of Civil Procedure for the District Courts of Minnesota \* \* \* this is a proper case for the retention of third party defendant.

\* \* \* \* \*

"\* \* \* Here there is set forth in the third party complaint, a claim that the original defendants in this action, the third party plaintiffs, were insured by the third party defendant at the time the accident \* \* \* took place. That the third party defendant has denied this insurance coverage or liability, has refused to undertake the defense for the defendants, and the defendants wish to have

their rights under the alleged policy determined as a part of this action.

\* \* \* \* \*

"There is no question in the Court's mind that the granting or refusal to grant this right is wholly discretionary with the trial court. In this case we feel that the discretion should be exercised as indicated, first, because a multiplicity of suits would be avoided. \* \* \* plaintiff's rights, if any, against the defendants are in tort, while the defendants' rights against the third party defendant, if any, are in contract. Nevertheless, all rights can be determined by one set of pleadings and in one action."

The insurance policy involved provides:

"\* \* \* No action shall lie against the Company unless, as a condition precedent thereto, \* \* \* the amount of the Insured's obligation to pay shall have been finally determined either by judgment \* \* \* or by written agreement of the Insured, the claimant and the Company.

\* \* \* \* \*

"Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Insured to determine the Insured's liability."

On appeal it is the contention of the insurance company that the foregoing clauses gave it a substantive right, namely, to be immune from suit under the policy until the insured's obligation to plaintiff had been determined by prior judgment, and that Rule 14.01, being one of procedure only, could not be applied to abridge or modify such right as it does here. It further contends that defendants' motion to implead it, which was not made until some 19 months after filing of the note of issue in the original action, was untimely and the court's order granting it, hence, an abuse of discretion.

■ We are of the opinion that this is an attempt to appeal from a nonappealable order. M. S. A. 605.09, which defines the instances in which an appeal to this court may be taken, makes no provision

for an appeal from an order granting or denying a motion to join additional parties in an action pending. In Chapman v. Dorsey, 230 Minn. 279, 41 N. W. (2d) 438, 16 A. L. R. (2d) 1015, we held that an order denying a motion to bring in additional defendants did not involve the merits of the action or some part thereof so as to come within § 605.09(3) and did not affect a substantial right, either in special proceedings or upon summary application after judgment so as to fall within § 605.09(7). There we stated (230 Minn. 286, 41 N. W. [2d] 442):

"Upon principle, we must reaffirm as sound and as applicable to § 540.16, as amended by L. 1947, c. 152, the rule of McClearn v. Arnold, 173 Minn. 183, 217 N. W. 106, and Levstek v. National Surety Corp. 203 Minn. 324, 281 N. W. 260, that an order *denying* a motion to bring in additional parties is not appealable, in that it does not involve 'the merits of the action or some part thereof.' " (Italics supplied.)

■ That the rule there expressed with reference to orders *denying* motions to bring in additional parties was intended likewise to cover orders *granting* such motions is manifest from the statement there that (230 Minn. 283, 41 N. W. [2d] 441):

"* * * Obviously, *an order either granting or denying a motion for the joinder of additional parties defendant or plaintiff* in a personal injury action is made in, and is an integral part of, an ordinary action and does not involve 'a special proceeding,' which, separate and apart from the progress and course of such action, adjudicates by a final order a substantial right separate and distinct from any judgment entered upon the merits after all issues have been litigated. * * *

* * * * *

"* * * Clearly, *an order either denying or granting a motion for bringing in additional parties* is decisive of no fundamental issue. Is such order, however, *finally* decisive of some positive legal right of the appellant with respect to such action? [Italics supplied.] * * * That the legislature did not intend to confer a positive legal

right [under § 540.16, as amended] becomes apparent upon a consideration of the statute as a. whole. The right to bring in an additional party was made dependent upon whether the court should find the proposed party necessary *to a full determination of the action or in order to avoid a multiplicity of suits."*

It is obvious from the language quoted that we considered an order granting a motion to implead additional parties to be governed by the same principles applicable to an order denying such a motion.

■ The fact that the present appeal is from an order denying a motion to *vacate the order impleading the insurance company* does not change this result. A nonappealable order cannot be carried to the supreme court for review on the merits by means of an appeal from an order granting or refusing a motion to vacate it. See, 1 Dunnell, Dig. (3 ed.) § 304, and cases cited. In Chapman v. Dorsey, *supra,* we specifically applied this principle to orders granting or denying motions to vacate orders impleading or refusing to implead additional parties. There, after directing attention to a number of cases apparently in conflict (Sundberg v. Goar, 92 Minn. 143, 99 N. W. 638; Lewis v. Babcock, 150 Minn. 394, 185 N. W. 384; Lincoln Securities Co. v. Poppe, Inc. 169 Minn. 392, 211 N. W. 470; Sheehan v. Hall, 187 Minn. 582, 246 N. W. 353), we stated (230 Minn. 287, 41 N. W. [2d] 443):

"* * * Insofar as Sundberg v. Goar, Lincoln Securities Co. v. Poppe, Inc., Sheehan v. Hall, all *supra,* and similar cases hold that an order either denying or granting a motion to vacate an order for the joinder of additional parties is appealable, they are expressly overruled. It follows that the rule of nonappealability applies to orders which deny or grant motions for the vacation of an order either denying or granting the joinder of additional parties to an action."

■ While it is true that Chapman v. Dorsey, *supra,* involved the construction of § *540.16,* which then governed the impleading of additional parties, and not Rule *14.01,* which was subsequently

adopted, the similarity of their provisions indicates that the principles enunciated in Chapman v. Dorsey, *supra,* must apply with equal force to orders under Rule 14.01, particularly since both § 540.16 and Rule 14.01 are governed by § 605.09, to which reference is made above.

It being clear that the order appealed from is nonappealable, it follows that our jurisdiction does not extend to a consideration and determination of the issues presented in the appeal. Bulau v. Bulau, 208 Minn. 529, 294 N. W. 845; State, by Peterson, v. Bentley, 224 Minn. 244, 28 N. W. (2d) 179, 770. It is true there has been no motion to dismiss the appeal, but this fact could not in itself confer jurisdiction otherwise lacking. Simon v. Larson, 207 Minn. 605, 292 N. W. 270; Anderson v. Krueger, 170 Minn. 225, 212 N. W. 198.

The appeal is dismissed.

