MUTUAL CHEMICAL COMPANY OF AMERICA, Respondent, *v.* MARDEN, ORTH & HASTINGS CO., INC., Appellant.

First Department, March 3, 1922.

Sales — action for purchase price of installment of goods — contract for delivery of definite amount monthly — custom giving seller right to deliver more than amount specified not shown — custom cannot be introduced to make definite and certain contract indefinite — buyer had right to reject entire shipment where excessive amount tendered — Personal Property Law, § 125, applied — subsequent tender of exact amount not good.

In an action to recover the purchase price of a carload of bichromate of potash containing 36,418 pounds alleged to have been tendered to the defendant under a contract calling for monthly delivery of a carload of 36,000 pounds, it appeared

**122** MUTUAL C. CO. *v.* MARDEN, ORTH & HASTINGS CO., INC.

First Department, March, 1922. [Vol. 200

that the defendant refused to receive the goods on the ground that there were more goods tendered than the contract called for; that subsequently and after the date for delivery, the plaintiff tendered the exact amount; that on the trial the plaintiff endeavored to establish a custom by which a delivery of approximately the specified amount was a good delivery.

*Held*, that the evidence did not establish the existence of a general custom to the effect that the delivery of approximately the amount specified in the contract was a good delivery.

Furthermore, the contract in question was definite and certain and there was no ambiguity, and, therefore, a custom could not be introduced to make that which was definite and certain in the contract, indefinite.

Under section 125 of the Personal Property Law the defendant had the right to reject the entire shipment on the ground that it was not the amount specified in the contract, and a tender of the exact amount, made after the date for delivery, was not a good tender of delivery of the goods.

APPEAL by the defendant, Marden, Orth & Hastings Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of March, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 13th day of April, 1921, denying defendant's motion for a new trial made upon the minutes.

*Rhinelander, Durkin & Perkins* [*Edward N. Perkins* of counsel], for the appellant.

*Sullivan & Cromwell* [*Philip L. Miller* of counsel], for the respondent.

PAGE, J.:

The plaintiff entered into a contract in writing to sell six cars of bichromate of potash at sixty-seven and one-half cents, and six cars of bichromate of soda at forty-four cents per pound.

" DELIVERY: F.O.B. Sellers Works, Baltimore, Md., or Jersey City, N. J. (West Side Avenue Station, Central Railroad Co. of New Jersey), Sellers option. Goods to be of usual good quality and to be taken one car of Bichromate of Potash in April and one car of Bichromate of Soda in May, and shipments to continue at the rate of one car each month alternating Bichromate of Potash and Bichromate of Soda, carloads to be 36,000 lbs. each. Terms: Net cash against shipping documents."

The contract was assigned to the defendant and shipments were made each month up to February, 1917. On the twenty-seventh day of February plaintiff notified the defendant that it had loaded the carload of bichromate of potash, and that it would present invoices the next morning; and at the same time it sent an invoice showing that the amount shipped was 36,418 pounds, and on March first presented the bill of lading and demanded payment. The defendant refused to receive the goods on the ground that there were more goods tendered than the contract

called for. On March second the plaintiff wrote to the defendant stating that it could return the 418 pounds and retain the 36,000 pounds.

The complaint alleges " that under the long established custom of the trade in which the plaintiff and the defendant were then engaged, delivery of 36,418 pounds of bichromate of potash was a proper delivery under a contract to deliver 36,000 pounds thereof."

Section 125 of the Personal Property Law (as added by Laws of 1911, chap. 571) is entitled: " Delivery of wrong quantity." Subdivisions 2 and 4 read as follows:

" 2. Where the seller delivers to the buyer a quantity of goods larger than he contracted to sell, the buyer may accept the goods included in the contract and reject the rest, or he may reject the whole. If the buyer accepts the whole of the goods so delivered he must pay for them at the contract rate."

" 4. The provisions of this section are subject to any usage of trade, special agreement, or course of dealing between the parties."

The plaintiff claims to be entitled to recover upon one of two theories: The *first*, that although the contract calls for a carload of 36,000 pounds, there was a general and uniform custom in the trade for a car to be loaded with casks of about 800 pounds each, and that any fraction of the cask in excess of the amount specified was a good delivery; and, *second*, that their offer to receive back the excess and accept payment for the 36,000 pounds was a tender of performance within a reasonable time.

The witnesses produced for the plaintiff to establish such trade custom or usage testified that, although the contract called for a definite number of pounds to the car, an overage of less than a cask would be a good delivery; but each of these witnesses testified that it was usual in contracts to insert the words " approximately " or " about," or to limit the overage or shortage by a certain percentage, such as five or ten per cent. The defendant produced witnesses of longer experience in the trade than those produced on the part of the plaintiff; and they testified that there was no such custom, and that contracts were usually made providing for an overage or shortage because of that fact, and that when the exact poundage was specified, a good delivery could be made only of that amount.

I am, therefore, of opinion that the custom was not established; the plaintiff's and defendant's witnesses testifying that it was the usual custom in the trade to qualify the poundage to be delivered by the words " approximately " or " about," or by limiting the overage or shortage by a percentage, demonstrates that there was

no such general custom as the witnesses claimed.   Furthermore, the contract was definite and certain, and there was no ambiguity, and it is well settled that a custom cannot be introduced to make that which is definite and certain in the contract indefinite.   There were in all twelve shipments made under this contract, and all but three were of exactly 36,000 pounds.   The first shipment (of April) amounted to 36,360 or 36,380 pounds.   The next was in December of 36,002 pounds, and the shipment in suit in February, 36,418 pounds.   Therefore, it was demonstrated that it was entirely possible for the plaintiff to ship the exact number of pounds that the contract called for, and that the contract called for the exact poundage is further shown by this practical construction of the parties thus put upon the contract.

As to the plaintiff's second theory, the buyer is not required to reject a part of the goods, but he has the option of either rejecting part or rejecting the whole; and in this case the buyer elected to reject the whole, and a tender of the 36,000 pounds in March would not be a good tender of delivery of the February installment.   The plaintiff further claims that the defendant failed to send it shipping directions until it was late in the month, and that it had repeatedly during the course of the contract had to demand several times that the defendant furnish it with shipping directions, but the contract does not call for the buyer to furnish shipping directions.

The defendant's motion to dismiss the complaint should have been granted.   The judgment and order will, therefore, be reversed, with costs to appellant, and the complaint dismissed, with costs to the defendant.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.