NATHAN ZAIDENS, Plaintiff, *v.* NORBERT SALTER, Defendant.

City Court of New York, Bronx County, January 5, 1932.

*Single & Hill* [*W. Harry Stromenger* of counsel], for the plaintiff.

*Goldman & Frier* [*J. Frederic Rosenfeld* of counsel], for the defendant.

DONNELLY, J. Plaintiff is the real party in interest. No subrogation ensued by reason of the loan or advance to plaintiff

by the insurance company, repayable out of any net recovery for the loss or damage to the property which is the subject of the policy. (*Lee* v. *Barrett*, 82 Misc. 475, and cases cited.)

Where, as here, the goods described and valued were delivered to defendant at his risk, reasonable wear and tear only excepted, if they are lost, stolen or destroyed while in defendant's possession and through no fault or negligence on his part, he is liable therefor to plaintiff. In such circumstances, the defendant assumes more than the obligation arising out of an ordinary bailment. In the instant case the defendant acknowledged his responsibility by agreeing, without qualification, to keep the goods at his risk and to return them to plaintiff upon demand. (*Rapid Safety, etc., Co.* v. *Hay-Budden Co.*, 37 Misc. 556; affd., 77 App. Div. 643; *Mulvaney* v. *King Paint Co.*, 256 Fed. 612; *National Cash Register Co.* v. *Caillias*, 84 N. Y. Supp. 166.)

The parties hereto have submitted an agreed state of facts in writing. No request is made therein for permission to offer testimony to show that by a custom of the trade the words in the contract "at your risk" should be construed to exclude liability for the theft of the merchandise through no fault of the defendant. Where the contract is definite and certain and there is nothing ambiguous or equivocal about the meaning of any of its terms, parol evidence to contradict it would be incompetent. (*Gravenhorst* v. *Zimmerman*, 236 N. Y. 22; *Mutual Chemical Co.* v. *Marden Co.*, 200 App. Div. 121.)

I fail to see how the fact that some of the words of the agreement were placed in there in rubber stamp form avails the defendant. There is no dispute that the words were a part of the agreement at the time the merchandise was delivered to defendant, and, as the stipulated facts recite, it was so delivered to and accepted by the defendant pursuant to the terms of the written agreement.

Judgment for plaintiff for $1,664.90, with interest thereon from November 14, 1930.