552

Louis E. MILLER, Plaintiff,
v.
PINE BLUFF HOTEL COMPANY,
Defendant.
Civ. No. 3526.

United States District Court
E. D. Arkansas, W. D.
Feb. 19, 1959.

Wright, Harrison, Lindsey & Upton, Little Rock, Ark., for plaintiff.

Bridges & Young, Pine Bluff, Ark., for defendant.

BECK, District Judge.

The defendant's motion to dismiss this action for the reason that the plaintiff is not the real party in interest is predicated on the theory that the plaintiff's agreement as he received $64,626.08 in settlement of the loss he had sustained while a guest at the defendant's hotel was not provided for under his insurance contract with the St. Paul Fire and Marine Insurance Company, hence, under the substantive law of New York, where the insurance contract was made, within an exception to the "Loan Receipt Settlement" doctrine, seemingly recognized by some of the courts in that State, making such payments final settlements and leaving the insured without any interest in the action commenced to recover the loss.

The "Loan Agreement" entered into as the plaintiff received payment of his loss, is in the following form:

"Borrowed and Received from St. Paul Fire & Marine Insurance Com-

pany, St. Paul, Minn. the sum of Sixty Four Thousand Six Hundred Twenty Six and 08/100 ...... Dollars.

"$64,626.08, as a loan, without interest, repayable out of any net recovery the undersigned may make from any vessel, carrier, bailee, or others upon or by reason of any claim for loss of or damage to the property described below, or from any insurance effected by any carrier, bailee or others on said property, and as security for such repayment, we hereby pledge to the said Insurance Company all such claims and any recovery thereon.

"In further consideration of the said loan, we hereby guarantee that we are the persons entitled to enforce the terms of the contract of bailment, or of transportation set forth in any bills of lading covering the said property, and we hereby appoint the officers of the said Insurance Company and their successors, severally, our agents and attorneys in fact, with irrevocable power to collect any such claim and to begin, prosecute, compromise or withdraw, in our name, but at the expense of the said Insurance Company, any and all legal proceedings which they may deem necessary to enforce such claim or claims and to execute in our name any documents which may be necessary to carry into effect the purposes of this agreement.

This agreement, from the standpoint of results sought by the contracting parties, is essentially like the one construed in the case of Dixey v. Federal Compress and Warehousing Company, 8 Cir., 132 F.2d 275, 278, as giving right to the insurer to bring the action for the loss in the name of the insured. The court, in that case, in noting such agreements to have been recognized and upheld, observed:

"The practice of insurance companies in advancing funds to their insured in cases of loss of this character upon loan receipts is well es-

tablished. It is said of the practice that it often relieves the insured from financial embarrassment and the courts have generally approved the commercial practice on the theory that the money advanced is in fact a loan, and the receipts are evidence of loans and not evidence of payment. Luckenbach v. W. J. McCahan Sugar Refining Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522; Graysonia, Nashville & Ashton R. Co. v. Newberger Cotton Co., 170 Ark. 1039, 282 S.W. 975; The Turret Crown, 2 Cir., 297 F. 766; Sorenson v. Boston Ins. Co. of Boston, Mass., 4 Cir., 20 F.2d 640; Zaidens v. Salter, 142 Misc. 439, 254 N.Y.S. 602; Adler v. Bush Terminal Co., 161 Misc. 509, 291 N.Y.S. 435; Automobile Ins. Co. of Hartford, Conn. v. Springfield Dyeing Co., 3 Cir., 109 F.2d 533."

and in referring to the theory under which it is held, that the insured after payment of the loss under such agreements, is regarded as the real party in interest, observed further:

"It is urged that plaintiffs, having been compensated for the loss by the Pennsylvania Fire Insurance Company, are not the real parties in interest. They have the legal title to the claim and according to the allegations of the complaint the insurance company has the beneficial interest in the claim. Plaintiffs are trustees of an express trust, and it is generally held that such an action may be maintained in the name of the party having legal title though it is brought for the benefit of another. It is so held in Arkansas. Beekman Lumber Co. v. Kittrell, 80 Ark. 228, 96 S.W. 988. The Arkansas statute, § 6002, Kirby's Digest, 1904, § 28, Civil Code of Arkansas Annotated 1934, provides that 'an executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or the state,

or any officer thereof, or any person expressly authorized by the statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted'. Rule 17(a) of the Rules for District Courts, 28 U.S.C.A. following section 723c, is substantially the same."

The loan agreement, in this case, conforms to those which have been upheld and approved and under this record it must be regarded as the settlement basis for the loss. The argument that such transactions, in substance, amount to payment of insurance and not a loan and to give it effect is a yielding to fiction and subterfuge, has been held to be without good reason *"either for questioning its legality or for denying its effect."* (Emphasis supplied.) Luckenbach v. McCahan Sugar Company, supra [248 U.S. 139, 39 S.Ct. 55], and the court in the case of Automobile Insurance Company v. Springfield Dyeing Company, supra [109 F.2d 537], as it refuses to recognize the validity of such argument states: *"The loan receipt, which is in evidence, makes plain its purpose and effect. The transaction was precisely what, under the circumstances, it purported to be, a loan made in a manner which is both legally valid and effective for the purpose."* (Emphasis supplied.)

The option, contained in and acquired by the insurer, under the provision in the policy:

"It is understood and agreed that if in case of loss the insured shall acquire any right of action against any individual, firm or corporation for loss of or damage to the property insured hereunder, the insured will, if requested by the company, assign and transfer such claim to the Company or, at the company's option, execute and deliver to the company the customary form of loan receipt, upon receiving payment for loss or advancement of funds in respect of the loss; and will subrogate the company to, or will hold in trust for the company, all rights and demands of every kind, respecting the same, to the extent of the amount paid or advanced, and will permit suit to be brought in insured's name at the expense of the company.",

since it was exercised by the optionee, after the loss, as it procured the loan agreement, constituted the equivalent of a specific provision in the policy, that settlement in case of loss should be made on the customary "Loan Receipt" basis. Therefore, the exception relied on by the defendant cannot be invoked and the rule in Rosenfeld v. Continental Building Operating Co., D.C., 135 F.Supp. 465, cannot be held to apply.

The "Proof of Loss," signed by the insured and submitted on insurer's printed forms, among others, contains the following statement:

"Upon payment hereunder I automatically assign to the said insurance company all my right, title and interest in the articles claimed for and subrogate to said company any claim I may have against any third person or corporation * * "

and another appearing in the instrument after the amount claimed:

"In full and final settlement of loss and/or damage referred to."

Those statements, considered out of context, conceivably, could lead to the inference that insured, as he received payment, assigned, as the defendant claims, all his right, title and interest in this action to the insurance company, and that he accepted the proceeds in full and final settlement of loss, but quite obviously otherwise, if and as all of the documentary evidence relating to the proof of loss and payment aspect of the case, is being considered. That evidence construed in its entirety is compelling and conclusive that the parties intended the "Loan Agreement" provisions as being controlling.

It follows that the plaintiff in this case is the real party in interest and that defendant's motion to dismiss must be and the same is hereby denied.