CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, Appellant, v. JESSE L. DIXON, Jr., Respondent.

No. 8398

February 17, 1977          559 P.2d 1187

*Dickerson, Miles & Pico,* and *Richard Davenport* and *Charles H. Wagner,* of Las Vegas, for Appellant.

*Tad Porter, Chartered,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

On December 12, 1971, a fire occurred in apartment 140 at 1100 Dumont, Las Vegas. Central National Insurance

Company had issued a policy covering the loss to the insureds LeRoy Corporation, Herbert Frey, Advanced Construction Company and Maryland Gardens Company. Consequently, Central paid them $10,873.87 representing the insured loss resulting from the fire. That payment was accompanied by a loan receipt agreement. The policy contained a $1,000 deductible provision.

On October 10, 1972, Central commenced this action against Jesse L. Dixon, Jr., who was the tenant of the apartment at the time of the fire. Central alleged that Dixon negligently caused the fire and that Central was subrogated to the rights of its insureds to recover for the loss. Dixon answered by general denial.

The case was tried to the court without a jury on April 25, 1975. We are not favored with a transcript of that trial. In any event, it is clear from the record that the court made no finding with regard to the charge that Dixon negligently caused the fire. However, the court did find that Central had failed to prove its assumed right to subrogation. The court apparently was of the opinion that Central was not the real party in interest within the intendment of NRCP 17(a) since the payment of $10,873.87 was accompanied by a loan receipt agreement. Accordingly, judgment was entered for Dixon. This appeal by Central followed. The effect of the loan receipt agreement forms the central issue for our determination.

The issue here is whether the loan receipt agreement destroys the subrogation right which the insurer assumes it otherwise would have and, therefore, precludes the insurer from the status of a real party in interest.

A loan receipt is an agreement in writing between an insurer and an insured under which a sum of money is paid to the insured by the insurer, as a loan, repayable to the insurer only to the extent of any recovery made by the insured from third parties on account of the loss by reason of which the loan is made. The legality of such an agreement was sustained in the landmark case of Luckenbach v. McCahan Sugar Refining Co., 248 U.S. 139 (1918). When considered to be a true loan rather than payment of the claim there is no basis for subrogation. Miller v. Pine Bluff Hotel Co., 170 F.Supp. 552 (E.D. Ark. 1959); Williams v. Union Pac. R. Co., 94 F.Supp. 174 (D. Neb. 1950). Indeed, the insurer sometimes prefers to use this method to avoid its assumed right of subrogation and to permit the company to sue in the insured's name to preclude

possible jury prejudice against the insurer. City Stores Co. v. Lerner Shops of District of Columbia, Inc., 410 F.2d 1010 (D.C. Cir. 1969).

Related to the nullification of subrogation rights, if any, in the insurer by reason of the loan receipt is the fixing of the substantive right of action in the insured. Only the insured is the real party in interest. The very spirit and intent of the loan receipt is at odds with a suit in the name of the insurer.

We find nothing illegal in a loan receipt agreement. As a practical matter the insurance company controls the manner in which it wishes to handle the settlement of policy claims. If it has subrogation rights, it should avoid use of the loan receipt agreement. On the other hand, if the insurer seeks the assumed advantage of being able to bring suit solely in the name of its insured then a loan receipt agreement is in order.

We perceive needless confusion if we were to allow the insurer to enjoy the right of subrogation, if any, where, as here, it has elected to enter into a loan receipt agreement with its insured. Accordingly, we affirm the judgment of the district court and its ruling that the Central National Insurance Company is not the real party in interest entitled to prosecute this action.[1]

BATJER, C. J., and ZENOFF, MOWBRAY, and GUNDERSON, JJ., concur.

---

[1]As the parties have not raised the question, we do not here decide whether an insurance carrier indeed has a right of subrogation where a landlord purchases insurance to protect against negligence of his tenants.