FIREMAN'S FUND AMERICAN INSURANCE COM–
PANIES, Appellant, *v.* ANDREW J. KNOBBE,
GERALDINE KNOBBE, JOHN D. DOHERTY, and
MARILYN DOHERTY, Respondents.

No. 8830

April 7, 1977                    562 P.2d 825

*C. Nicholas Pereos,* Reno, for Appellant.

*Cromer, Barker & Michaelson,* Las Vegas, for Respondents
Knobbe.

*McDonald, Carano, Wilson, Bergin & Bible,* Reno, for
Respondents Doherty.

## OPINION

By the Court, Mowbray, J.:

The sole issue presented is whether the doctrine of res ipsa
loquitur may be invoked to recover damages from a hotel's
guests for a fire that originated in one of the guests' rooms. The
district judge on a motion for summary judgment held that

under the facts presented the doctrine was not applicable. We agree and affirm.

1. A fire was discovered in a hotel room in Las Vegas. The cause of the fire was determined to be a cigarette. On the night of the fire, the room was occupied by Respondents John and Marilyn Doherty. The Dohertys were traveling in the company of Respondents Andrew and Geraldine Knobbe, who occupied an adjoining, connecting room.

2. A complaint was filed by appellant insurance company against respondents, claiming subrogation to the rights of the hotel and alleging negligence predicated both on a standard evidentiary negligence theory and on the doctrine of res ipsa loquitur. Respondents moved for summary judgment. The court denied the motion, on the ground that there was a conflict of material fact under the standard evidentiary theory; however, the court granted the motion as to the res ipsa loquitur theory of liability. Appellant then stipulated that there was insufficient evidence to establish negligence without the aid of res ipsa loquitur. This appeal followed.

3. In Bialer v. St. Mary's Hosp., 83 Nev. 241, 243, 427 P.2d 957, 958 (1967), this court said:

> For the doctrine of res ipsa loquitur to apply, three conditions must be met: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) the event must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff.

Evidence was presented that the hotel had 18 keys to the room where the fire occurred. The staff was not questioned to determine whether anyone had entered the room after the four respondents had departed and before the discovery of the fire. Further, appellant failed to demonstrate that respondents had exclusive control or joint control of the instrumentality causing the damage. Taken in the light most favorable to the appellant, the evidence established that all four respondents were smoking in the room. While each had exclusive control of his or her own cigarette, there is no evidence as to which cigarette started the fire. Traditionally, such a failure defeats the plaintiff's case. There have been cases, however, in which res ipsa loquitur has been applied to multiple defendants, thereby shifting the burden to each individual defendant to present exculpating evidence. Appellant relies upon the leading case of Ybarra v. Spangard,

154 P.2d 687 (Cal. 1944), in urging this theory in this case. In *Ybarra,* an appendectomy patient who awoke with a shoulder injury was permitted to invoke the doctrine of res ipsa loquitur against several medical practitioners in whose care he had been while unconscious. No showing had been made as to which defendant or what instrumentality had caused the injury. The court concluded this did not bar the doctrine, holding, however, that the ruling was limited to the fact situation presented.

The rule has also been applied, upon occasion, in a variety of other fact situations: Smith v. Claude Neon Lights, Inc., 164 A. 423 (N.J. 1933) (plaintiff injured by falling sign sued owner of building and light company which erected and maintained sign); Schroeder v. City & County Sav. Bank, 57 N.E.2d 57 (N.Y. 1944) (plaintiff injured by collapse of construction barricade sued owner of building and two construction companies); Bond v. Otis Elevator Co., 388 S.W.2d 681 (Tex. 1965) (plaintiff injured when elevator went into free fall sued owner of building and company which installed and maintained elevator); Burr v. Sherwin-Williams Co., 258 P.2d 58 (Cal.App. 1953) (plaintiff whose cotton crop was damaged by insecticide spray sued manufacturer of spray, spraying company, and local cooperative which advised use of spray); Raber v. Tumin, 226 P.2d 574 (Cal. 1951) (plaintiff injured by a falling ladder sued leasee of premises and carpenter doing repairs on premises).[1] In the foregoing cases, the instrumentality causing the damage was known. While the plaintiff had not established which defendant had been negligent, he had established that each was at some time or to some extent responsible for that instrumentality. Only the cases involving unconscious patients lack direct evidence as to both the particular defendant and the particular instrumentality responsible, as does the instant case.

More commonly, it has been held that when any of several defendants wholly independent of each other may be responsible for plaintiff's injury, the doctrine of res ipsa loquitur cannot

---

[1] In his dissent in *Raber,* Justice Traynor noted, at 579, the danger of extending the *Ybarra* holding to other fact situations:

> Under the rule of the Ybarra case as here applied a plaintiff who has suffered an injury of a kind that ordinarily does not occur in the absence of someone's negligence may establish a cause of action against all persons who had an opportunity to cause the injury. A plaintiff, for instance, who is struck on the head by a flower pot falling from a multistoried apartment building may recover judgment against all the tenants unless the innocent tenants are able to identify the guilty one.

be applied. *See, e.g.,* Estes v. Estes, 127 S.W.2d 78 (Mo.App. 1939); Gerber v. Faber, 129 P.2d 485 (Cal. 1942); Wolf v. American Tract Soc'y, 58 N.E. 31 (N.Y. 1900). In *Wolf,* the plaintiff had been injured by a brick falling from a building under construction in which 19 independent contractors were at work. The court rejected the lower court's application of res ipsa loquitur to two of these contractors, which would have required them to come forward with proof of their innocence. It concluded, at 32, that:

> Cases must occasionally happen where the person really responsible for a personal injury cannot be identified or pointed out by proof, as in this case; and then it is far better and more consistent with reason and law that the injury should go without redress, than that innocent persons should be held responsible, upon some strained construction of the law developed for the occasion.

Clearly, the doctrine has no application in this case, where there is lacking even a scintilla of evidence indicating which respondent had control of the cigarette that started the fire.

The order granting summary judgment is affirmed.[2]

BATJER, C. J., and ZENOFF, THOMPSON, and GUNDERSON, JJ., concur.

---

[2]As the parties have not raised the question, we do not here decide whether an insurance carrier indeed has a right of subrogation where a hotel purchases insurance to protect against negligence of its guests. *See* Central National Ins. Co. v. Dixon, 93 Nev. 86, 559 P.2d 1187 (1977).