Dennis L. LUSK, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Appellee.**

No. 50051.

Supreme Court of Oklahoma.

Sept. 27, 1977.

Jack S. Dawson, Hunt and Thomas, Dawson Cooley & Gile, Oklahoma City, for appellant.

Procter, Fleming & Speck by Thomas G. Laughlin, Oklahoma City, for appellee.

LAVENDER, Vice Chief Justice:

Dennis L. Lusk (Lusk), as an automobile passenger, was involved in a two vehicle accident. Lusk made claim for medical payment, resulting from that accident, with the insurer of the automobile Lusk occupied, State Farm Mutual Automobile Insurance Company (State Farm). As a condition of payment under the medical payment coverage, State Farm required of Lusk the execution of its loan receipt trust agreement. This type of settlement for that kind of coverage was basically provided for in the insurance policy.

Lusk made settlement with possible negligent third party driver of the other automobile involved in the accident, and gave a general release. Lusk then delivered the executed agreement to State Farm. Upon learning of the prior general release, State Farm refused payment. Lusk sued on the policy for medical payment. Both parties filed motions for summary judgment. Trial court sustained State Farm's motion and entered summary judgment. Lusk appeals.

Lusk argues the loan receipt and trust agreement is void and not controlling for its nature and rights thereunder are essentially different than subrogation allowed to be included in the policy by statute. 36 O.S.

1971, § 6092.[1] State Farm contends the loan receipt and trust agreement type settlement is a form of subrogation allowed by § 6092. As a valid agreement, then the passenger's settlement with the possible third party tort-feasor would be held in trust for the insurer to the amount of the claim. Here, no sum would be due Lusk.

■ In general, a loan receipt transaction will be held to constitute a valid or true loan where the obligation or liability of the insurer who advances or lends the money was not absolute, but was in any way contingent, conditional, excess or undetermined. *Hiebert v. Millers' Mutual Insurance Ass'n of Ill.*, Kan., 212 Kan. 249, 510 P.2d 1203 (1973). That is not the kind of transaction in the present case. The medical payment is absolute, other than the condition of a trust on settlement, here in dispute.

■ This policy creates a trust, rather than a loan receipt transaction.[2] *C & C Tile Co. v. Independent Sch. D. No. 7 of Tulsa Cty.*, Okl., 503 P.2d 554 (1972), recognized

1. "§ 6092. Limitations on subrogation and set-off under medical coverage

"No provision in an automobile liability policy or endorsement for such coverage effective in this state issued by an insurer on and after the effective date of this act which grants the insurer *the right of subrogation for payment of benefits under the expenses for the medical services coverage portion of the policy,* to a named insured under the policy, or to any relative of the named insured who is a member of the named insured's household shall be valid and enforceable; provided, that *such policy* or endorsement *may provide for said insurer's rights of subrogation and set-off upon such payments to any person who is not a named insured under the policy or a relative of the named insured who is a member of the named insured's household.*" (Emphasis added.)

2. Portions of the policy relating to Coverage C—Medical Payments, and Policy Conditions, as to Subrogation and Trust Agreement reads, in part:

"COVERAGE C—MEDICAL PAYMENTS

"*To pay reasonable medical expenses incurred for services* furnished within one year from the date of accident:

"Division 1, to or for the first person named in the declarations, while residents of his household, his spouse and any relative of either who sustains bodily injury, caused by accident

"(1) while occupying the owned motor vehicle, or

"(2) through being struck by a highway vehicle while not occupying a land motor vehicle. Division 2, *to or for any other person who sustains bodily injury,* caused by accident, while occupying an owned motor vehicle if such vehicle is being used by an insured; provided that no such payment shall be made unless the person to or for whom such payment is made shall have executed a written agreement that the amount of such payment shall be applied toward the settlement of any claim, or the satisfaction of any judgment for damages entered in his favor, against any insured because of bodily injury arising out of any accident to which coverage A applies.

* * * * * *

"4. Subrogation. Upon payment under this policy, *except under coverages C, M, S and T,* the company shall be subrogated to all the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such rights and do nothing to prejudice them.

"5. *Trust Agreement—Coverages C,* M and U. In the event of payment to any person under coverage C, M or U:

"(a) *the company shall be entitled to the extent of such payment to the proceeds of any settlement* or judgment *that may result from the exercise of any rights of recovery of such person against any person* or organization *legally responsible for the bodily injury because of which such payment is made*;

"(b) *such person shall hold in trust for the benefit of the company all rights of recovery* which he shall have against such other person or organization because of the damages which are the subject of claim made under the coverages;

"(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

"(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person, in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

"(e) *such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person* and the company established by this provision;

provided that this trust agreement does not apply under coverages C and M to payments to the named insured or to any relative of the named insured who is a member of the named insured's household." (Emphasis added.)

the loan receipt trust agreement transaction as a proper form of settlement under a fire insurance policy. There, the instrument of settlement was recognized as, not only a loan receipt, but it created an express trust. Page 560 of the opinion says "there must be . . . a present intention to create a trust by the party having the legal and equitable control of the subject matter." Here, control of the subject matter, the payment of medical expenses, is with the passenger, the other person as referred to in the policy. Lusk, the passenger, did not create the trust. Medical payment coverage is not the kind of insurance which lends itself to settlement under a loan receipt trust transaction. We hold such a transaction in the present case to be void.

■ Automobile liability policies may provide for subrogation under the medical services coverage portion of the policy. § 6092. Here, the policy expressly excepted the medical payment coverage from subrogation. After having expressly excluded subrogation, State Farm would argue its trust agreement under the policy comes from that statutory permission. Under the law of Oklahoma, conditions and provisions of insurance contracts are construed against the insurer who proposed and prepared the policy. *Hardberger and Smylie v. Employers Mutual Liability Ins. Co. of Wisconsin,* 10th Cir., 444 F.2d 1318 (1971); *American Motorists Insurance Company v. Biggs,* Okl., 380 P.2d 950, 953 (1963). The policy cannot exclude subrogation and then in the next provision through a trust agreement seek enforcement of its subrogation rights allowed by statute. State Farm proposed and prepared the policy. It gave up its statutorily allowed subrogation to the medical pay portion of the policy. That express exclusion of subrogation cannot be defeated by the trust agreement in the next provision of the policy. The trust agreement is not valid and enforceable.

Reversed and remanded.

All of the Justices concur.