**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN FEAGINS; YOLANDA FEAGINS; KEVIN FEAGINS, Jr.; JOSHUA FEAGINS; ANDRE FEAGINS; JONATHAN FEAGINS, | No. 13-17359 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-01121-GMN-GWF |
| v. | MEMORANDUM* |
| TRUMP ORGANIZATION; TRUMP RUFFIN TOWER I, LLC; TRUMP INTERNATIONAL HOTEL & TOWER - LAS VEGAS UNIT OWNERS ASSOCIATION; TRUMP RUFFIN COMMERCIAL, LLC; OTIS ELEVATOR CO., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted December 7, 2015
San Francisco, California

Before: KOZINSKI, BYBEE, and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court erred by holding that Nevada law requires expert testimony for a claim of products liability. *Krause Inc. v. Little*, 34 P.3d 566, 571–72 (Nev. 2001). Where there are no alternative explanations for a malfunction, Nevada law requires only evidence of an unexpected and dangerous malfunction to establish a defect. *See e.g., Stackiewicz v. Nissan Motor Corp. in U.S.A.*, 686 P.2d 925, 928 (Nev. 1984). The declarations made by members of the Feagins family, in conjunction with the videotape that depicted the events that occurred inside the elevator, provided sufficient evidence to survive Otis Elevator Co.'s motion for summary judgment.

The district court's opinion was otherwise correct. The Feagins presented no direct evidence of negligence by Trump.[1] Nor could a jury infer negligence under a theory of res ipsa loquitur because, at most, Trump exercised joint control over the elevator with Otis Elevator Co. *Fireman's Fund Am. Ins. Cos. v. Knobbe*, 562 P.2d 825, 825–26 (Nev. 1977); *Landmark Hotel & Casino, Inc. v. Moore*, 757 P.2d 361, 363 (Nev. 1988). The Feagins presented no evidence showing "oppression, fraud or malice" as required for punitive damages. Nev. Rev. Stat. § 42.005. And the district court did not abuse its discretion by refusing to reopen

---

[1] We use the term "Trump" to refer to all Trump defendants: the Trump Organization; Trump Ruffin Tower I, LLC; Trump International Hotel & Tower - Las Vegas Unit Owners Association; and Trump Ruffin Commercial, LLC.

discovery given the Feagins' lack of diligence both in failing to seek a schedule modification before the close of discovery and in failing to generate an expert report during the discovery period. *See e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996).

We **VACATE** and **REMAND** for further proceedings consistent with this disposition. The Feagins shall bear Trump's costs on appeal. Otis shall bear the Feagins' and its own costs on appeal.