# IN THE SUPREME COURT OF THE STATE OF NEVADA

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI, A NEVADA PROFESSIONAL CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JOANNA KISHNER, DISTRICT JUDGE,
Respondents,
  and
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY; AND HARTFORD FIRE INSURANCE COMPANY,
Real Parties in Interest.

No. 81350

**FILED**

JUN 04 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus challenging a district court order denying the motion for summary judgment filed by petitioner Olson, Cannon, Gormley, Angulo & Stoberski (Olson) and the motion to amend filed by real party in interest American Guarantee and Liability Insurance Company (American). The district court denied both motions without prejudice, pending further development of the facts pertaining to Olson's relationship with American and the law applicable thereto.

21-16035

Having considered the petition and its supporting documentation, we are not persuaded that our extraordinary and discretionary intervention is appropriate. *See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). The party seeking writ relief bears the burden of showing such relief is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Olson has not met this burden with respect to the district court's order denying its motion for summary judgment on American's malpractice claim without prejudice, pending further development of the underlying facts. *See Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1344-45, 950 P.2d 280, 281 (1997) (recognizing that this court generally will not consider writ petitions challenging the denial of a motion for summary judgment).

Olson's petition as to the order denying American's motion for leave to amend to add an equitable subrogation claim likewise fails. While Olson would prefer an order denying American's motion with prejudice, rather than without prejudice, at present, the district court has not allowed an equitable subrogation claim in this case. Given its express reservations about the inadequate factual and legal record, the district court's "without prejudice" ruling did not amount to the breach of a clear legal duty or manifest abuse of discretion required for extraordinary writ relief. *See Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020). For the same reason, advisory mandamus is unwarranted. *See Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 816, 823, 407 P.3d 702, 708 (2017) (recognizing that advisory mandamus may be appropriate

"when the issue presented is novel, of great public importance, and likely to recur" but holding that, "[t]o efficiently and thoughtfully resolve such an important issue of law demands a well-developed district court record, including legal positions fully argued by the parties and a merits-based decision by the district court judge") (quoting *United States v. Horn*, 29 F.3d 754, 769 (1st Cir. 1994)).  Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

cc:  Hon. Joanna Kishner, District Judge
     Lipson Neilson P.C.
     Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
     Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Los Angeles
     PIA Anderson Moss Hoyt
     Eighth District Court Clerk

SILVER, J., with whom PARRAGUIRRE and HERNDON, JJ., agree, concurring in part and dissenting in part:

I concur with the majority's decision to deny the petition regarding the legal malpractice claim issue because it requires us to resolve questions of fact. *See Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) ("[A]n appellate court is not an appropriate forum in which to resolve disputed questions of fact."). However, I would grant the petition regarding the equitable subrogation issue. This court exercises its discretion to consider a writ petition where to do so serves judicial economy, *see Renown Reg'l Med. Ctr. v. Second Judicial Dist. Court*, 130 Nev. 824, 828, 335 P.3d 199, 202 (2014), the petition presents a question of law on an issue of first impression with statewide importance, *see Barrett v. Eighth Judicial Dist. Court*, 130 Nev. 613, 616, 331 P.3d 892, 894 (2014), or the record reflects clear legal error, *see McNamee v. Eighth Judicial Dist. Court*, 135 Nev. 392, 395, 450 P.3d 906, 908 (2019). All of these reasons are present here.

Moreover, as discussed below, I conclude that because Nevada law does not support American's equitable subrogation argument, an amendment to add that claim is futile. *See Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 398, 302 P.3d 1148, 1152 (2013) (holding that leave to amend should not be granted if the plaintiff seeks to plead an impermissible claim and amendment would therefore be futile).

This case arises from a tragic accident on a construction site, where a welding inspector died after falling through the floor of a high-rise building. Real party in interest Hartford Fire Insurance Company, the general contractor's primary insurance carrier, hired petitioner Olson, Cannon, Gormley, Angulo & Stoberski (Olson), a law firm, to defend its insured in the wrongful death lawsuit. On the eve of jury trial, pro hac vice

trial counsel discovered that Olson allegedly overlooked a photograph that decimated the defense strategy and resulted in a swift settlement. Real party in interest American Guarantee and Liability Insurance Company (American), the general contractor's excess insurance carrier, paid more than what it believed it should have on the excess insurance policy and thereafter sued the law firm for legal malpractice. After Olson moved for summary judgment, American moved for leave to amend its complaint to include an equitable subrogation claim against the law firm. The district court denied the motion to amend, finding that there was no basis to add a claim that requires a particular relationship between the parties when American had not yet established such a relationship existed. The district court also noted that American failed to provide the district court with any Nevada legal authority that would support adding an additional equitable subrogation claim. However, the district court denied American's motion without prejudice.

"Generally, subrogation is an equitable doctrine created to 'accomplish what is just and fair as between the parties.'" *AT&T Tech., Inc. v. Reid*, 109 Nev. 592, 595, 855 P.2d 533, 535 (1993) (quoting *Laffranchini v. Clark*, 39 Nev. 48, 55, 153 P. 250, 252 (1915)). "It arises when one party has been compelled to satisfy an obligation that is ultimately determined to be the obligation of another." *Id.* at 595-96, 855 P.2d at 535 (citing *Am. Sur. Co. v. Bethlehem Nat'l Bank*, 314 U.S. 314, 317 (1941)). "[A]n insurer that pays its insured in full for claimed losses is subrogated by operation of law to the rights, if any, which the insured may have had against the tortfeasor before payment was made." *Duboise v. State Farm Mut. Auto. Ins. Co.*, 96 Nev. 877, 879, 619 P.2d 1223, 1224 (1980). The equitable subrogation of a legal malpractice claim would allow an excess insurer to recover against the

SUPREME COURT
OF
NEVADA

(O) 1947A

primary insurer's attorney where that attorney's malpractice resulted in a large payout on an insurance claim. *See, e.g., Querrey & Harrow, Ltd. v. Transcontinental Ins. Co.*, 861 N.E.2d 719, 720-21 (Ind. Ct. App. 2007), *opinion adopted*, 885 N.E.2d 1235 (Ind. 2008).

However, the majority of jurisdictions that have addressed whether legal malpractice claims may be subrogated prohibit such claims as a matter of public policy. *State Farm Fire and Cas. Co. v. Weiss*, 194 P.3d 1063, 1066-67 (Colo. App. 2008); *Querrey & Harrow*, 861 N.E.2d at 722-23. Many of these jurisdictions also prohibit the assignment of legal malpractice claims and "conclude that equitable subrogation is similar enough to assignment that the policies supporting a prohibition on assignments are equally applicable to equitable subrogation." *State Farm Fire*, 194 P.3d at 1066; *see Querrey & Harrow*, 861 N.E.2d at 722 (noting that numerous jurisdictions have concluded that allowing the equitable subrogation of a legal malpractice claim "would run counter to the jurisdiction's prohibition of the assignment of legal malpractice actions."); *see also Fireman's Fund Ins. Co. v. McDonald, Hecht & Solberg*, 36 Cal. Rptr. 2d 424, 427-30 (Ct. App. 1994) (analyzing California jurisprudence and concluding "as legal malpractice claims are nonassignable, such claims may not be subrogated").

The importance of protecting the attorney-client relationship is a paramount public policy concern supporting the prohibition of the assignment of legal malpractice claims. *See State Farm Fire*, 194 P.3d at 1065 ("The prohibition on the assignment of legal malpractice claims rests on three public policy bases: protection of the attorney's duties of loyalty and effective advocacy to the client, the potential for conflicts of interest with third-party plaintiffs, and the potential for an attorney's unlimited

liability to unknown third parties."); *see also Fireman's Fund*, 36 Cal. Rptr. 2d at 427-30 (addressing public policy).

Nevada also prohibits the assignment of legal malpractice claims. *Tower Homes v. Heaton*, 132 Nev. 628, 634, 377 P.3d 118, 122 (2016). "The decision as to whether to bring a malpractice action against an attorney is one peculiarly vested in the client." *Chaffee v. Smith*, 98 Nev. 222, 224, 645 P.2d 966, 966 (1982). This is due to "the unique quality of legal services, the personal nature of the attorney's duty to the client and the confidentiality of the attorney-client relationship." *Goodley v. Wank & Wank, Inc.*, 133 Cal. Rptr. 83, 87 (Ct. App. 1976), *cited with approval by Chaffee*, 98 Nev. at 224, 645 P.2d at 966.

Importantly, to succeed on a legal malpractice claim in Nevada, the plaintiff must establish that an attorney-client relationship exists. *Semenza v. Nev. Med. Liab. Ins. Co.*, 104 Nev. 666, 667, 765 P.2d 184, 185 (1988). A legal malpractice claim involves "the fundamental aspects of an attorney-client relationship." *Stalk v. Mushkin*, 125 Nev. 21, 29, 199 P.3d 838, 843 (2009) (internal quotation omitted). For instance, "[i]t is the contractual relationship creating a duty of due care upon an attorney [which is] the primary essential to a recovery for legal malpractice." *Warmbrodt v. Blanchard*, 100 Nev. 703, 707, 692 P.2d 1282, 1285 (1984) (alteration in original) (internal quotation omitted), *superseded by statute on other grounds as stated in Countrywide Home Loans v. Thitchener*, 124 Nev. 725, 740-43 & n.39, 192 P.3d 243, 253-55 & n.39 (2008). This relationship also creates a duty of undivided loyalty to the client. *See Stalk*, 125 Nev. at 28, 199 P.3d at 843 ("Nevada Rule of Professional Conduct (RPC) 1.7 imposes a duty of loyalty [prohibiting] representation of more than one client if the representation involves a concurrent conflict of interest or a significant risk

that the dual representation will materially limit the lawyer's ability to represent one or both clients.") (internal quotation omitted).

In contrast, equitable subrogation of a legal malpractice claim effectively removes the requirement of an attorney-client relationship by allowing a third party to sue an attorney for legal malpractice. It therefore also creates a situation where the attorney has a duty to non-clients. This result directly contravenes Nevada law. Therefore, I conclude that legal malpractice claims may not be subrogated in this state. Accordingly, I would have granted Olson's petition on this point and issued a writ with instructions to the district court to deny American's motion to amend to add an equitable subrogation claim *with prejudice*.

_____, J.
Silver

I concur:

_____, J.
Parraguirre

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A